THE BANK FOR SAVINGS IN THE CITY OF NEW YORK, Appellant, *v.* RELLIM CONSTRUCTION COMPANY, Respondent, Impleaded with PATRICK J. CURLEY and Others, Defendants.

First Department, June 19, 1940.

*John A. Sullivan* of counsel [*Walbridge S. Taft* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys], for the appellant.

*David Vorhaus* of counsel [*Jesse Hemley* with him on the brief; *House, Grossman, Vorhaus & Hemley,* attorneys], for the respondent.

GLENNON, J.   This is an action for the foreclosure of a consolidated first mortgage in the principal sum of $350,000.   The plaintiff has advanced $77,070.55 in payment of taxes.   There are arrears of interest on the mortgage indebtedness of over $58,369.04.

The defense and counterclaim of the defendant Rellim Construction Company, the owner of the fee, set forth in substance that this action is being maintained collusively with and for the benefit of one John L. Miller, a former president and chief stockholder of Rellim Construction Company, pursuant to a plan and conspiracy devised by Miller and participated in by plaintiff whereby the defaults under the mortgage were suffered intentionally while

the corporate defendant had sufficient assets on hand, until diverted by Miller, to meet the necessary payments. It is claimed that part of the plan and conspiracy was that plaintiff was to acquire the premises at foreclosure sale and turn the property over to Miller or his nominee and thus deprive Miller's creditors and said defendant of the benefits of a judgment, which a trustee in bankruptcy had obtained against Miller and his wife.

A motion was made at Special Term by plaintiff for summary judgment and denied. As a result thereof, defendant construction company made an application for a jury trial of the issues of fact raised by the counterclaim and the reply. That application was granted with the direction, " said trial not to take place, however, until after the trial of the issues raised by the complaint and answer."

Since we are of the opinion that the motion for summary judgment should have been granted at Special Term and that the order entered thereon should be reversed, it follows that the subsequent order also must be reversed.

The court at Special Term, in denying the application for summary judgment, wrote in part as follows: " There is insufficient evidence in the voluminous affidavits submitted for defendant to support and sustain these contentions of defendant. It is clear that defendant's case is based upon surmise, conjecture and suspicion. If defendant cannot prove at the trial more than it has shown in these papers it cannot possibly succeed; the plaintiff has a legal right to foreclose the property by virtue of the conceded defaults unless defendant can establish, which it has not done, that the foreclosure proceeding, though in compliance with the forms of law, is not intended to be a genuine foreclosure, but that plaintiff intends to get the property for Miller and then to continue the mortgage debt as before with Miller or his nominees owning the property.

" The probability that the defendant will establish these alleged facts may be somewhat remote."

A reading of the affidavits has convinced us that the defendant has no defense to the action. As the court at Special Term well said, " defendant's case is based upon surmise, conjecture and suspicion." There is nothing to show that this plaintiff or any of its officials at any time either entered into or participated in a conspiracy to defraud Miller's creditors. It is unnecessary to recount how, over the years, the interest rates were reduced and money advanced in the payment of taxes by the plaintiff for the benefit of the corporate defendant. Apparently the plaintiff bank simply was attempting to protect its mortgage investment

and at the same time giving an opportunity to the defendant to meet its obligations. Its reward has been a baseless charge of conspiracy.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motion for summary judgment granted.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the motion for summary judgment granted.