FRANK COSTELLO, Respondent, and UNITED STATES OF AMERICA, Intervener, Respondent, v. MAURICE SIMMONS, Individually and as Property Clerk of the Police Department of the City of New York, Appellant.

*Per Curiam.* The record presents issues of fact which cannot be decided on a motion for summary judgment. Determination of the claim of the United States should likewise await the trial of the action.

The order and the judgment appealed from should be reversed, with costs, and the motion denied.

COHN, J. (dissenting). Defendant, the Property Clerk of the Police Department, now concedes that plaintiff has properly identified the currency accidently lost by plaintiff while a passenger in a taxicab. He insists, however, that plaintiff is not entitled to a return of this money because he has failed to establish a lawful title thereto. His contention that plaintiff's possession of the property is unlawful and that it constitutes the proceeds of book-making or other criminal activities is without any evidentiary support in the affidavits submitted in opposition to the motion for summary judgment. The claims that the moneys "were used in or connected with bookmaking" are based not on facts but solely upon speculation, surmise and suspicion. Such statements cannot take the place of evidence and furnish no defense to the action. (*Bank for Savings in City of N. Y.* v. *Rellim Constr. Co.,* 260 App. Div. 70, 71; *O'Brien* v. *American Beverage Corp.,* 267 App. Div. 813, 814.) Plaintiff's uncontradicted proof that he is the owner of the property and lawfully entitled to its possession is entitled to conclusiveness in the absence of any showing that his statement is improbable or unreasonable. (*Hull* v. *Littauer,* 162 N. Y. 569.)

In the case of *Hofferman* v. *Simmons* (290 N. Y. 449) upon which defendant relies, all the plaintiffs admitted their arrests on the gambling charges, their pleas of guilty and the seizure of the moneys at the time of the arrests. Plaintiff here has not pleaded guilty to any unlawful act nor was the money sought to be replevied, seized from him in connection with any illegal transaction. Plaintiff has demonstrated that he is the rightful owner of the property and entitled to immediate possession thereof. (*Lynch* v. *St. John,* 8 Daly 142.) Plaintiff and the intervener, United States of America, have entered into a stipulation agreeing that plaintiff was indebted to the intervener on account of tax claims in an amount in excess of the $27,200. There is no triable issue and the Special Term was right in granting summary judgment for plaintiff

and directing judgment that defendant pay the aforesaid sum to the United States to be credited upon the amount due it from plaintiff. Accordingly, I dissent and vote to affirm.

Martin, P. J., Untermyer, Dore and Callahan, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents and votes to affirm in opinion.

Judgment and order reversed, with costs, and motion denied. [See *post,* p. 928.]