Daniel G. Connolly, J.
In an action for replevin brought against the defendant, Thomas E. Rosetti, as Property Clerk of the Police Department of the City of New York, the plaintiff *780 moves (a) to preclude the defendant upon the trial herein from offering evidence or testimony incidental to the alleged illegal search and seizure herein and, (b) for summary judgment in his favor.
The complaint alleges that the defendant is in possession of some $4,534.47 received by him on January 19, 1959, following an arrest of the plaintiff on a “ policy ” charge at the time of the alleged illegal search and seizure. The said charge was dismissed by a Magistrate on July 2, 1959. The plaintiff alleged ownership of said funds, made claim thereto and demanded their return on January 23, 1960. The answer admits only that the defendant holds the funds seized on January 19, 1959, and has refused their return. For a separate defense, the defendant alleges he has received the funds and retains them in his official capacity as the Property Clerk of the Police Department of the City of New York.
In support of the motion, the plaintiff relies upon the decision of Mapp v. Ohio (367 U. S. 643, 655, decided June 19, 1961) which inter alia states: “ We hold that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority inadmissible in a state court.” It is undisputed that the plaintiff was arrested, searched and his property seized without a warrant nor was one requested. The opposing affidavits cannot, nor do they attempt to justify the seizure except to allege “ probable cause ” and to argue that Mapp v. Ohio (supra) was not then in existence and is not retroactive so as to apply to a seizure made prior to its making. The doctrine of “ probable cause ” refers only to the issue as to whether or not there was probable cause to obtain a search warrant, which is not in issue in this case. The record shows that the arresting officers made no attempt to obtain a search warrant, although several days were available for that purpose.
The ex post facto objection to the application of Mapp v. Ohio (supra) has no validity in the matter as its doctrine seeks to prevent the abrogation of the intendment of the historic Fourth and Fifth Amendments to the Constitution. Furthermore, the trial under consideration has not as yet been had and Mapp v. Ohio (supra) is cited in support of the plaintiff’s motion to preclude all evidence of the illegal search and seizure upon a trial to be had in the future in this court. This court holds that Mapp v. Ohio (supra) decided June, 1961, is not limited to criminal cases but its holding applies to this court, and specifically on this motion, and that testimony and evidence of an illegal search and seizure thereunder must be precluded in this court.
*781 The plaintiff’s motion for summary judgment is opposed by the defendant on the grounds that the search and seizure made January 19, 1959, was not illegal under the decisions in effect prior to the Mapp case and, further, that the plaintiff must establish lawful title or property right in the seized property. As to the first contention, this court has already stated that the Mapp case applies to all trials in all State courts held subsequent to its enunciation.
The defendant is estopped from questioning plaintiff’s title or right to possession by his own receipt attached to the moving papers and not denied by the defendant. It is also undenied that no other claimant to these funds has come forward.
The answering affidavits raise no triable issue. Accordingly, plaintiff’s motion for summary judgment is granted.