Per Curiam.

Triable issues are presented as to plaintiff’s ownership of the moneys and whether said moneys were used in illegal gambling activities and hence were the proceeds of crime. (Administrative Code of City of New York, § 435-4.0, subds. e, f; Hofferman v. Simmons, 290 N. Y. 449; Costello v. Simmons, 269 App. Div. 823, affd. 295 N. Y. 801.) Insofar as the order directs the suppression of evidence, we are unable to determine on the state of the record as it is presented to us, whether the moneys here involved were obtained as the result of an unreasonable search and seizure. It does not appear that the exclusionary doctrine of Mapp. v. Ohio (367 U. S. 643) was invoked or even considered in the criminal prosecution which preceded the instant action. The question as to the possible applicability of the Mapp ease should be reserved for the trial along with all the other issues. It is not now properly before us.
The judgment should be unanimously reversed and order dated December 26, 1962 unanimously modified by providing that plaintiff’s motion for summary judgment be denied and the motion to suppress denied without prejudice to raising the question upon the trial and as so modified, affirmed without costs to either party on this appeal.
Appeal from order dated March 1, 1962 dismissed, without costs. The latter order was superseded by the resettled order of December 26,1962.
Concur — Benjamin, G-ulotta and Sohwartzwald, JJ.
Judgment reversed, etc. [36 Misc 2d 779.]