MANUFACTURERS SAFE DEPOSIT COMPANY, Plaintiff, *v.* LOUIS COHEN, as Administrator of the Estate of RAY COHEN, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, December 8, 1948.

*Henry Landau* for plaintiff.

*Thomas J. Williams* for Louis Cohen, as administrator, defendant.

*John P. McGrath, Corporation Counsel (Nathan B. Silverstein* of counsel), for Frank Leuci, as property clerk of the Police Department of the City of New York, defendant.

COHALAN, J. This is a motion for judgment on the pleadings in this action for a declaratory judgment. It appears that the plaintiff as part of its business leases safe deposit boxes. These are maintained in large vaults at various of its banking offices. The representative defendant's intestate, a lessee of one of these boxes, while attending at the vault wherein his particular box was situated, came upon and took possession of a package containing United States currency. Plaintiff's officers or employees on the same date obtained possession of the property from said intestate. It is conceded that prior to the time the representative defendant's intestate first came into possession of the currency, neither of these parties had any title thereto. Plaintiff admits in the pleadings that it is not the owner of the funds. The representative defendant claims ownership of the funds as one who, in the true legal sense, has found that which, in the same sense, was lost. In addition both parties claim a right of possession to the funds. Such claims were made by the intestate in his lifetime. The plaintiff and the intestate submitted their cause to the Appellate Division, in this department (*Cohen* v. *Manufacturers Safe Deposit Co.,* 271 App. Div. 428), on an agreed statement of facts. The Appellate Division held that the plaintiff in this action, defendant there, was entitled to possession of the funds. On appeal this holding was reversed (297 N. Y. 266) and in the process of reversing the Court of Appeals raised, of its own volition, the question of the effect of section 435–4.1 of the Administrative Code of the City of New York and suggested that the City of New York be heard on this question in any new action or submission. Thereafter two actions were instituted, one by the intestate's representative against the plaintiff in this action, in the Municipal Court, and the other in this court in which the intestate's representative and the City of New York were named as defendants. The Municipal Court action was removed to this court and consolidated with the action pending here. In the Municipal Court action the plaintiff bank interposed an affirmative defense setting up its claim of a right to possession of the money. In this action the plaintiff's complaint sets forth the facts on which the claim of possession is based. The representative defendant affirmatively pleads its claim of title and possession and the defendant municipality its rights under the above-mentioned Code section. On the submitted papers the plaintiff has replied to the representative defendant's counterclaim but it does not appear whether or not a reply has been served to the counterclaim of the defendant municipality.

However, for the purposes of this application for judgment under rule 112 of the Rules of Civil Practice, the allegations of the counterclaim will be deemed denied.

On the argument of the motion there was some discussion as to the necessity of taking testimony, in the event this motion was denied, to establish the facts which, as was pointed out in the opinion in the Court of Appeals, were not included in the prior submission. It was thought that the facts so developed might enable the court to determine certain questions posed but left unanswered in the opinion in the Court of Appeals. The necessity for doing this or even the wisdom of doing it becomes doubtful when the situation in its entirety is considered.

It is quite clear that the currency should be deposited with the property clerk of the police department of the defendant municipality. The fact that the period during which the funds would be so deposited has elapsed from the date of their coming into plaintiff's possession is of no import for such a period had elapsed when the suggestion that the City be heard in this matter emanated from the Court of Appeals. The section in question provides that "Any person who finds any lost money or property" shall report this and the money or property in question shall be deposited with the property clerk. No distinction is made between items found in public or private places or partial or semi- or quasi-public places. The obligation to report and deposit is plainly stated and should have been complied with. The word "lost" as used in said section immediately before the words "money or property" is construed to mean "lost" in a generic sense; viz.: the inadvertent, unintended cessation of possession, whether resulting from loss or misplacing as these terms are construed in their true, strict legal connotation.

It follows, therefore, that since the money is to be deposited with the property clerk no purpose would be presently served by determining to whom title or possession may pass coming out of his hands, because while in his possession the true owner may appear and press his claim. To accomplish this without burdening these parties with further litigation, the cause set up in the municipality's counterclaim will be severed and judgment will be directed on the counterclaim. The determination of the action and the motion will otherwise be held in abeyance pending the running of the statutory period during which the currency will be held by the property clerk. The judgment now to be entered will provide that no disposition will be made of the funds while in the property clerk's posses-

sion without order of this court made on notice to the other parties to this action. It will also provide that upon the passage of this statutory term the property clerk will supply to this court information as to any claims made against the funds. In the event no claims are made the pending motion will be determined upon receipt of the advices of the property clerk. If other parties make claim application will have to be made to implead such parties. It is noted in passing that there is some question as to the sufficiency of the denials in plaintiff's reply. It would seem advisable, therefore, that this reply be amended so that the issues will be clearly delineated. The motion is granted to the extent indicated.

Settle order and judgment on five days' notice. No costs are allowed.