Di Giovafna, J.
(dissenting). It is my considered opinion that the court below erred in directing a verdict in a case of this kind. Questions of fact arose, firstly, as to the manner in which the plaintiff came into possession of the ring, and, secondly, as to the manner in which it was lost, in addition to the question as to the insurable value. However, I am of the opinion that the trial court should have dismissed the complaint upon the authority of Manufacturers Safe Deposit Co. v. Cohen (193 Misc. 900) which was based upon Cohen v. Manufacturers Safe Deposit Co. (271 App. Div. 428, revd. 297 N. Y. 266). There is no doubt that a finder of a chattel would have had an insurable interest at common law, but under the reasoning of those two cases it appears to me that that common-law rule has now been altered. The plaintiff was required to deposit the ring with the Property Clerk of the Police Department of the City of New York within 10 days after he found it (Administrative Code of the City of New York, § 435-4.1; Personal Property Law, art. 7-B). Had he done so and had no claimant appeared, he would have been entitled to outright possession of the ring after the expiration of three months from the date of deposit. The effect of that statute is to suspend his right to possession and ownership until the expiration of that period. In this case the plaintiff did not make the deposit or report the finding to the Property Clerk. The mere fact that he failed to make the deposit does not and should not redound to *963 his benefit. The statute has a distinct purpose of protecting the rights of losers of personal property. By failing to heed the statutory direction, the plaintiff cannot obtain rights greater than had he heeded the statutory direction. Therefore, it appears to me that the common-law rule has now been altered so as to suspend his right of interest in the found property until it has been deposited and the three-month period had elapsed without a rightful claimant appearing. Under such circumstances, the plaintiff can have no insurable interest. The mere circumstance that the plaintiff is unable now to deposit the ring cannot be used as an argument to enlarge his right. It is therefore my opinion that the complaint should have been dismissed.
Hart and Benjamin, JJ., concur; Di Giovanna, J., dissents and votes to dismiss the complaint.
Judgment reversed and new trial ordered, etc.