Hyland *v.* Paul.

New trial denied.

[Monroe General Term, December 3, 1860. *Smith, Johnson* and *Knox,* Justices.]

33 241
135a 578

HYLAND *vs.* JOHN M. PAUL and SETH PAUL.

Where the plaintiff and the defendants entered into a written agreement by which the former leased to the latter a quantity of household furniture then being in a certain hotel, for the term of one year, at a specified rent; *Held* that the defendants were bailees for hire, of the furniture, and were responsible upon principles applicable to that species of bailment.

That they therefore had the right to show, as an excuse for not returning the property, that it was destroyed by fire, while in the hotel mentioned in the agreement, without any fault on their part.

And that a provision in the agreement, that the defendants were "to surrender the property in as good a condition as reasonable use and wear thereof would permit," was not to be considered as creating and imposing a duty or charge upon them in addition to that which the law would imply from the relation of the parties; nor to be construed in such a way as to make them insurers of the goods.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that the defendants, on the 1st day of December, 1855, entered into an agreement

with the plaintiff to lease or rent of him a quantity of household furniture, from the 1st day of December, 1855, to the 1st day of April, 1857; that the defendants took possession of said furniture and continued to use the same until the 4th day of April, 1859, at which time the defendants surrendered a portion of said furniture, but neglected to surrender the balance; that the defendants paid $60.50 on said agreement on the 25th day of April, 1857, and on the 28th day of October, 1858, the sum of $40, and that they failed to pay the balance due for the use of said furniture, and demanded judgment against the defendants for $393 and interest from April 4th, 1859, besides costs. The agreement contained an undertaking on the part of the defendants to surrender the furniture to the plaintiff, "in as good a condition as reasonable use and wear thereof would permit." The defendants answered separately. The answer of the defendant John M. Paul alleged that the furniture not returned was accidentally destroyed by fire without fault or negligence on the part of the defendants. And the answer of Seth Paul alleged that he signed said agreement as surety of John M. Paul, and that the plaintiff allowed said furniture to remain in the hands of John M. Paul under a further or different agreement, after the expiration of said contract, and also the destruction of said furniture in like manner as set forth in the answer of the defendant John M. Paul. The case was referred to a referee for trial. On the trial before him it was agreed and admitted by the counsel for the respective parties, that of the articles of furniture specified in the lease or agreement, a portion had been returned on demand, and that of the portion not so returned the value on the 4th day of April, 1859, was $248.63, and the plaintiff rested. The defendants then offered to prove that the property not returned was destroyed by fire without the fault or negligence of the defendants or either of them, before a return thereof was demanded, and while in the house mentioned in the lease or agreement. The plaintiff objected to the evi-

Hyland *v.* Paul.

dence, on the ground that it was immaterial; that the defendants were bound to fulfill their contract notwithstanding such an event may have happened, and the referee sustained the objection and rejected the evidence, to which decision the counsel for the defendants excepted. The referee found the facts in the case to be as follows: 1. That on the first day of December, 1855, the plaintiff was the owner and possessor of certain articles of personal property then being in a house known as the National Hotel, in the village of Dansville, Livingston county, and that on that day the plaintiff and defendants entered into an agreement in relation to the said property, which was in writing, and was correctly set out and copied in the complaint in this cause, and which agreement had annexed to it as a part thereof, an inventory or schedule of said property with the value thereof affixed, and which was also set out and copied in said complaint. 2. That under and in pursuance of said agreement the defendants took possession of and commenced using said property, and the same was kept in the said hotel, and used by the defendants or one of them till about the 4th day of April, 1859, when the said hotel was destroyed by fire. That on or about the 4th day of April aforesaid, the plaintiff required of the defendants the return or redelivery of the said property, upon which they returned to him a portion thereof but neglected and omitted to return or redeliver the remainder thereof and have never since returned the same, and that the actual value of the portion of said property not returned or redelivered was, on the 4th day of April, 1859, the sum of $248.63. 4. That on the 25th day of April, 1857, the defendants or one of them paid to the plaintiff the sum of $60.50; and on the 28th day of October, 1858, the further sum of $40; both of which were paid to apply and were indorsed on the said agreement. 5. That the amount due and unpaid according to the price fixed in the agreement for the use of the property up to the said 4th day of April, 1859, is $105.33, which added to the value of the property not re-

turned is $353.96; and the interest thereon from the said 4th day of April, 1859, to the time when judgment could be perfected, was $23.04, making the whole amount $377. And the referee found as conclusions of law that the defendants were responsible to the plaintiff for the balance due for the use of the said property to the 4th day of April, 1859, and also for the value of the portion of said property not returned, with interest on the whole amount; and that the plaintiff was entitled to a judgment against the defendants for the sum of $377, besides costs. He made his report accordingly, and judgment was entered thereon.

*John Van Derlip,* for the appellant.

*Wilkinson & Abbott,* for the respondents.

*By the Court,* KNOX, J. The defendants were bailees for hire, of the articles of furniture described in the complaint; and were responsible upon principles applicable to that species of bailment. They had the right therefore to show as an excuse for not returning the property, that it was destroyed by fire, while in the house mentioned in the agreement, without any fault on the part of the defendants, unless the provision that they were " to surrender the property in as good a condition as reasonable use and wear thereof would permit," is to be considered as creating and imposing a duty or charge upon them in addition to that which the law would imply, from the relation of the parties, and be construed in such a way as to make them insurers of the goods. "Another implied obligation of the hirer," says *Story,* (*Treatise on Bail.* § 414,) "is to restore the thing hired, when the bailment is determined. So the hirer is to restore it to the owner in as good condition as he received it, unless it has been injured by some internal decay, or by accident, or by some other means wholly without his default."

The implied agreement of the defendants to restore the

property, it will be seen, is in substance and effect the same as that contained in this lease—no more nor less. In other words, were the agreement to return the property stricken out, the duty of the defendants to restore it to the plaintiff in as good condition as when received, reasonable use and wear excepted, would still subsist. The duties of a bailee are not increased by simply reducing to writing the precise agreement which the law implies from his relation to the bailor. These duties are absolute, within certain limits, and are well defined by law; they cannot be made more absolute or clear by reducing them to the form of a written agreement. This is quite obvious.

This view of the contract, it will be seen, subverts the ground taken by the plaintiff, that the defendant, by reason of the written agreement to return the property, was bound absolutely to do so. The case of *Harmony* v. *Bingham*, (2 *Kernan*, 99,) relied upon by the plaintiff, is not opposed to this. In that case the defendant agreed, absolutely, to deliver certain goods at Independence, Mo., in twenty-six days. His duty, as a common carrier, did not require that he should do so, but he chose to impose this obligation upon himself for a consideration. The question in the case, therefore, did not depend upon the law applicable to the duty of common carriers, but upon the defendant's liability on his special agreement, and the court held that having absolutely engaged to do an act, he was bound to its performance, the failure of which could not be excused by any contingency. But in the case in hand, the decision depends upon the law applicable to the duty of bailees for hire, inasmuch as the written agreement is the same as the law implies from the relation of the parties. (*See Chitty on Contracts, ed. of* 1851, *p.* 630, *and cases cited in note l.*) It is there said a borrower of a horse promised to redeliver it on request; the horse died, without his fault, before request. Held, he was not liable. The ground of the decision must have been that such a bailee was not liable for a loss occasioned by the act of God, and

the promise was construed to have relation only to such lia-
bility to redeliver, as the law implied."

We think, therefore, that the judgment should be set aside,
and a new trial granted, for the error in rejecting the evi-
dence of destruction of the goods, without fault of the de-
fendants.

It is not necessary to consider any other questions raised
on the trial.

[MONROE GENERAL TERM, December 3, 1860. *Smith, Johnson* and *Knox,*
Justices.]