## HERRMAN v. NEW ENGLAND NAVIGATION CO.

(Supreme Court, Appellate Division, Second Department.   March 24, 1911.)

1. WAREHOUSEMEN (§ 34*)—ACTION FOR NONDELIVERY—PRESUMPTIONS—NEG-
   LIGENCE.
       A presumption of negligence arises from the nondelivery of goods on
   demand by the depositor, so as to require the warehouseman to account
   for his failure to deliver.
       [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 76, 77;
   Dec. Dig. § 34.*]

2. WAREHOUSEMEN (§ 34*)—ACTION FOR NONDELIVERY—INSTRUCTIONS.
       An instruction, in an action against a warehouseman for nondelivery,
   that the burden was on plaintiff throughout the case, but that the jury
   might find that the circumstances were such as to call upon defendant to
   explain, did not sufficiently instruct that a presumption of negligence
   arose from the nondelivery of the goods on the depositor's demand, es-
   pecially in the absence of a charge stating the nature of the explanation
   which the warehouseman was required to make to meet the prima facie
   case made out by nondelivery.
       [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 76, 77;
   Dec. Dig. § 34.*]

3. WAREHOUSEMEN (§ 34*)—ACTION FOR NONDELIVERY—INSTRUCTIONS.
       The court properly refused to charge, in an action against a warehouse-
   man for nondelivery, that the burden was on the warehouseman to prove
   that reasonable care was exercised by him in seeking to ascertain that
   the person to whom the goods were delivered had authority to receive
   them; the duty to account for nondelivery not shifting the burden of
   proof.
       [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 76, 77;
   Dec. Dig. § 34.*]

Appeal from Trial Term, Westchester County.

Action by Morris S. Herrman against the New England Navigation Company. From an order setting aside a verdict for defendant, and granting a new trial, defendant appeals.   Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

I. R. Oeland, for appellant.
Thomas A. McKennell, for respondent.

CARR, J.   The defendant obtained a verdict in its favor at the trial of this action in the Supreme Court in Westchester county.   On motion of the plaintiff, this verdict was set aside by the trial court, and a new trial granted.   The order setting aside the verdict recites that it was granted on the exceptions of the plaintiff, thereby excluding any idea that the verdict was against the weight of evidence.

An examination of the record shows that the jury might have found, properly enough, the verdict which they rendered.   The whole question now in controversy is whether the jury was instructed properly by the trial court as to the rules of law to be applied by them in determining the issue.   The defendant was sued as a warehouseman for the nondelivery of goods owned by the plaintiff and concededly in the possession of the defendant at one time.   The complaint alleged:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

that the defendant had delivered these goods negligently to some person who had no authority from the plaintiff to receive them, and the plaintiff thereby sustained a loss. The defendant's answer consisted of general denials. At the trial the plaintiff gave proofs to show that the defendant had delivered the goods to a truckman, who was not authorized by the plaintiff to receive them, and the truckman did not deliver them to the plaintiff.

The defendant gave proofs showing the delivery of the goods to a truckman once employed by a general truckman who did the plaintiff's trucking business, on production of a postal card sent by the defendant to the plaintiff, containing notice of the arrival of the goods and a request that they should be called for by the plaintiff. This truckman gave up the postal card to the defendant, and paid the freight charges in cash, and took away the goods. There were some features of this delivery which were claimed by the plaintiff to have been unusual in the customary dealings between the parties, and to have called for a greater exercise of care than the defendant showed on that occasion.

The plaintiff requested the court to charge the jury as follows:

"I ask your honor to charge that the burden of proving that reasonable care was exercised by the defendant in seeking to ascertain that the person to whom the goods were delivered had authority from the plaintiff to receive the same rests upon the defendant."

The court replied:

"I do not think that rule applies. * * * I think that the rule is that the burden of proof rests upon the plaintiff throughout the case, but that the jury may find that the circumstances are such as to cast upon the defendant the duty of explaining."

To this the plaintiff excepted. Subsequently the trial court handed down an opinion in which it said that it had not made sufficiently clear in the main charge that a presumption of negligence arose from the nondelivery of the goods to the plaintiff on his demand. We think the trial court was right in this opinion of its charge. That such a presumption does arise, and that the warehouseman is then called on to account for his failure to deliver, is well settled. Burnell v. New York Cent. R. Co., 45 N. Y. 184, 6 Am. Rep. 61; Schwerin v. McKie, 51 N. Y. 180, 186, 10 Am. Rep. 581; Bank of Oswego v. Doyle, 91 N. Y. 32, 41, 43 Am. Rep. 634. This duty to account for failure to deliver to the owner does not shift the burden of proof. Claflin v. Meyer, 75 N. Y. 260, 264, 31 Am. Rep. 467. The refusal of the trial court to charge as requested was correct technically. Jones v. Union Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321; Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 453, 57 N. E. 751; Kaiser v. Latimer, 9 App. Div. 36, 41 N. Y. Supp. 94.

At the same time, in view of the fact that the trial court nowhere in its charge explained sufficiently to the jury the nature of the explanation which the defendant was called upon to give to meet the prima facie of negligence, it left the jury unnecessarily in the dark on the crucial point in the case.

In view of this fact, the order setting aside the verdict and granting a new trial should be affirmed, with costs. All concur.