WILLIAM G. WILSON, Respondent, *v.* FLORENCE M. CHRISTAL, Doing Business under the Trade Name and Style of CON-NOLLY'S EXPRESS & VAN CO., Appellant.

First Department, May 16, 1919.

**Bailment — liability of warehouseman — prima facie case — burden of proof — theft of property stored.**

Where, in an action to recover for the loss of a trunk containing silverware and clothing stored in defendant's warehouse, it appeared that the plaintiff left said trunk and paid the storage for one month and upon calling for the same and tendering storage charges due was informed that it had been broken open and the contents stolen, and the defendant refused to accept the money tendered, the plaintiff established a *prima facie* case and the burden then rested upon the defendant to establish the existence of a lawful excuse for such refusal.

It was error for the court to refuse to charge the jury " that should they find that this property was burglarized, that then the burden of proof is upon the plaintiff to show that the defendant failed to use due care or was negligent."

When the failure to deliver is shown, a *prima facie* case of negligence is made out. The burden of an explanation is then on the defendant and that burden is satisfied if he shows that the goods were stolen. The burden is then upon the plaintiff of showing that the negligence of the ware-houseman contributed to the theft.

The question was for the jury whether the defendant had exercised that degree of care over the property intrusted to him that men of prudence would exercise in regard to their own property. The burden of proving by a fair preponderance of the evidence that the theft was contributed to by the lack of such care rested upon the plaintiff.

APPEAL by the defendant, Florence M. Christal, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of December, 1918, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District.

An appeal is also taken from the judgment of the Municipal Court.

*Manfred Nathan* of counsel [*Peirce & Hopkins*, attorneys], for the appellant.

*Frank Case Hayden*, for the respondent.

PAGE, J.:

The plaintiff, on May 31, 1915, stored with the defendant a trunk containing silverware and clothing and paid the storage for one month. He with his family left the city and did not return until April, 1916, when he called at the defendant's warehouse and tendered the past due storage charges. He was then informed that his trunk had been broken open and the contents stolen and the defendant refused to accept the money. The plaintiff proved a *prima facie* case and the defendant's husband, who managed the business, testified that the trunk was stored in the cellar, the only entrance to which was through an iron door in the street down a wooden staircase and through another door; that in February, 1916, someone gained access to the premises from an adjoining building by breaking through the stairway and the door at the foot thereof, and he found the plaintiff's and several other trunks rifled of their contents. He stated that the defendant did not employ a night watchman nor have the premises connected with a burglar alarm system.

The learned trial court failed to make any mention of the burden of proof in his main charge. The defendant's counsel requested the court to charge the jury " that should they find that this property was burglarized, that then the burden of proof is upon the plaintiff to show that the defendant failed to use due care, or was negligent." This being declined, an exception was taken. The request embodied a correct statement of the law and it was error to refuse to charge it.

The plaintiff established a *prima facie* case by proving the bailment of the trunk and refusal or failure to deliver it with its contents. The burden then rested upon the defendant to establish the existence of a lawful excuse for such refusal (Gen. Business Law [Consol. Laws, chap. 20; Laws of 1909, chap. 25], § 95), for an unexplained refusal or failure to deliver upon demand is evidence of a neglect of duty, which unexplained and unexcused gives a right of action. (*Golden* v. *Romer*, 20 Hun, 438.) When the failure to deliver is shown, a *prima facie* case of negligence is made out. (*Herrman* v. *New England Nav. Co.*, 143 App. Div. 551.) The burden of an explanation is then on the defendant and that burden is satisfied if he shows that the goods were stolen.

(*Claflin* v. *Meyer,* 75 N. Y. 260.) The burden is then upon the plaintiff of showing that the negligence of the warehouseman contributed to the theft. (*Claflin* v. *Meyer, supra.*)

This does not necessarily mean that the plaintiff must adduce evidence to that effect. " Although it may be that the proof given by [the defendant], explanatory of the reason for non-delivery, may disclose circumstances which, in their nature, permit or require the inference of negligence on his part (*Russell Mfg. Co.* v. *N. H. Steamboat Co.,* 50 N. Y. 121), the affirmative of the issue is not shifted to the defendant, but remains through the trial with the plaintiff." (*Stewart* v. *Stone,* 127 N. Y. 500, 506.) Therefore, upon the whole case the question was for the jury whether the defendant had exercised that degree of care over the property intrusted to him that men of prudence would exercise under like circumstances in regard to their own property. The burden of proving by a fair preponderance of the evidence that the theft was contributed to by the lack of such care rested upon the plaintiff.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial ordered, with costs to the appellant in all the courts to abide the event of the action.

Clarke, P. J., Laughlin, Dowling and Merrell, JJ., concurred.

Determination and judgment reversed and new trial ordered, with costs to appellant in all courts to abide event.