FRANK TAVENER, Respondent, v. CHARLES E. BURKE, Appellant.

*Venue — motion to change place of trial on ground of convenience of witnesses in action for failure to safely carry and deliver certain household goods — agreement between parties construed as agreement to insure safe carriage and delivery and hence witnesses on issue of due care immaterial — motion properly denied.*

Appeal from an order of the Supreme Court, made at the Wayne Special Term and entered in the Wayne county clerk's office April 7, 1922, denying defendant's motion to change the place of trial of the action from the county of Wayne to the county of Montgomery, as amended by an order entered in said clerk's office August 3, 1922.

CROUCH, J.: The agreement between the parties as alleged in the complaint was " to safely carry and convey " certain household goods from Amsterdam to Lyons and there to deliver the same. By the terms of the amended order and stipulation it appears that the agreement was a " specific contract to deliver the property in as good condition as when received by defendant." There is no difference in legal effect. The agreement in either form was a contract of bailment only. (Williston Cont. § 1946; *Ames* v. *Belden,* 17 Barb. 513; *Jaminet* v. *American Storage & Moving Co.,* 109 Mo. App. 257; 10 C. J. 39.) Compare *Mulvaney* v. *King Paint Mfg. Co.* (256 Fed. Rep. 612); *Young* v. *Leary* (135 N. Y. 569). Hence, under either form, the defendant's witnesses on the issue of due care would be necessary and material. If the further provision in the stipulation that the cause of action " is not based or founded upon the liability of a carrier, common or otherwise, for negligence " when read with the former provision means that the agreement was to guarantee and insure the safe carriage and delivery of the goods, then there is no question of due care left in the case, and the witnesses on that issue are immaterial. We so construe the amended order and stipulation. The order appealed from should be affirmed, with ten dollars costs to respondent to abide the event. All concur, Davis, J., not sitting.

Order affirmed, with ten dollars costs and disbursements to plaintiff to abide event.