POTOMAC INSURANCE COMPANY, Appellant, *v.* GEORGE T. DONOVAN, Respondent.

Fourth Department, March 9, 1949.

*Arthur J. Foley* and *Gardner A. Callanen, Jr.,* for appellant.

*Paul J. McNamara* and *Albert J. Monahan* for respondent.

McCURN, J. On the 4th day of December, 1944, about eight o'clock in the evening, Mr. Harold Leonard, a resident of Utica, New York, parked his Buick automobile in a parking lot owned and operated by the defendant in the downtown section of Utica. When he returned to the parking lot about an hour later to get his car, it was missing. After Mr. Leonard and the attendant at the parking lot had searched for the car and were unable to find it, they were informed that the car had been found by the police in a damaged condition against a telephone pole at a point about a half-mile distant from the parking station. The plaintiff insurance company which had previously issued a policy to Mr. Leonard insuring him against loss or damage to the automobile in question thereafter paid Mr. Leonard the amount of his damage and being thus subrogated to his rights brought this action against the defendant to recover the amount of the damage to the Buick automobile.

The cause of action set forth in the complaint was based upon the theory that the defendant as bailee of the automobile

had negligently failed to use due care to safeguard it and that as a result of such negligence and without any negligence on the part of Mr. Leonard, the automobile was stolen and damaged. The evidence of the plaintiff was to the effect that when Mr. Leonard drove the car into the parking station he was met by the attendant in charge, who after collecting a parking fee of twenty cents took possession of the car to place it in the parking lot. Mr. Leonard turned the car over to the attendant with the motor running and the lights lighted.

While the evidence as to the physical situation at the parking lot is somewhat meager, it does appear that the lot was '' L '' shaped and that there was a wall of a building or buildings immediately adjacent to the outer side of the '' L ''. The parking arrangement was such that one row of cars was parked immediately adjacent to the building wall previously mentioned and the second row of cars parked immediately in front of the first row. This arrangement made it necessary that the parked cars be left unlocked so that the attendant could, from time to time, move the cars as it became necessary to permit ingress and egress from the parking lot. The lot itself covers a comparatively small area with a maximum capacity for parking about 110 cars. The defendant was not personally present on the evening in question but the parking lot was in charge of an employee, a young man about eighteen years of age who had been employed by the defendant in the capacity of parking lot attendant for a period of about six months. The defendant testified that he had always found him '' courteous to customers, and a very good driver, [who] does his work well ''. It is conceded the defendant's employee did not take the car from the parking lot. The evidence does not disclose any of the circumstances as to the theft of the car. The parking lot attendant was not called to the stand and it does not appear what care he took, if any, to safeguard the parked automobiles in his custody, nor does it even appear whether he remained continuously at his post of duty during the interval until Mr. Leonard returned for his car.

The trial court reserved decision upon defendant's motion for a nonsuit and submitted the case to the jury which returned a verdict in favor of the plaintiff for the amount of the damage to the car. The verdict was later set aside and the defendant's motion for a nonsuit and dismissal of the complaint granted, on the authority of *Castorina* v. *Rosen* (290 N. Y. 445). The decision in the *Castorina* case was based upon the principle of law that an employer is not liable for the torts of his servant

while acting outside of the scope of his employment. There, the defendant's servant acted outside of the scope of his employment when he stole the plaintiff's car and the defendant was therefore held not liable. Here, the car was stolen by someone not in the employ of the defendant, and the negligence charged against the defendant is that he failed to exercise due care to protect the bailed property. We do not think that there was anything decided in *Castorina* v. *Rosen* which requires the dismissal of the complaint here.

The court properly left to the jury the question of whether or not the transaction created the relation of bailor and bailee between the car owner and the defendant (*Osborn* v. *Cline,* 263 N. Y. 434, 437). The jury's general verdict in favor of the plaintiff necessarily includes a finding of a bailment. While the allegation in the plaintiff's complaint that the car had been stolen precludes the presumption that otherwise would arise from demand and refusal to deliver the car (see *Claflin* v. *Meyer,* 75 N. Y. 260), still that allegation in the complaint does not destroy any inference of negligence which might otherwise be drawn from the facts and circumstances. While the burden remains at all times upon the plaintiff to establish the defendant's negligence, that does not mean that he is required to adduce evidence pointing out the precise negligent act or omission. The surrounding facts and circumstances may be such as to permit an inference of negligence. Where the situation is such that in the ordinary course of events the theft would not have occurred but for want of proper care on the part of the bailee, his failure to show that he had taken such precautions as ordinary prudence would dictate, where the proof if it existed, would be within his power to produce, may subject him to the inference that such precautions were omitted (*Russell Mfg. Co.* v. *New Haven Steamboat Co.,* 50 N. Y. 121, 126–128; *Ouderkirk* v. *Central Nat. Bank,* 119 N. Y. 263; *Wilson* v. *Christal,* 187 App. Div. 660, 662; *Hogan* v. *O'Brien,* 212 App. Div. 193, 195; *Wintringham* v. *Hayes,* 144 N. Y. 1, 5; *Galowitz* v. *Magner,* 208 App. Div. 6, 9).

Although as already noted the record is somewhat meager, we think that the permissible inferences here were such as to require that the issue of defendant's negligence be submitted to the jury and that the nonsuit and dismissal of the complaint should not have been granted. The judgment and that part of the order which dismisses the complaint should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur, except PIPER, J., who dissents and votes for affirmance in the following memorandum: The plaintiff, having alleged in its complaint that the car was stolen from defendant's parking lot, had the burden of establishing that the theft occurred through the negligence of the defendant (*Claflin* v. *Meyer,* 75 N. Y. 260; *Osborn* v. *Cline,* 263 N. Y. 434; *Castorina* v. *Rosen,* 290 N. Y. 445). I think the plaintiff failed to meet this burden and consequently the trial court was not in error in dismissing the complaint at the close of all the evidence.

Present — TAYLOR, P. J., McCURN, LOVE, KIMBALL and PIPER, JJ.

Judgment and order insofar as it dismisses the complaint reversed on the law and a new trial granted, with costs to the appellant to abide the event.