Hunter Trucking Co., Inc., Appellant, *v.* Hyman Glatzer et al., Doing Business as Bond Street Garage, Respondents.

First Department, January 25, 1955.

*Solomon M. Cheser* of counsel (*Benjamin L. Tell* with him on the brief; *Tell, Cheser, Werner & Breitbart,* attorneys), for appellant.

*Jacob R. Heller* for respondents.

*Per Curiam.* This action was instituted by plaintiff trucker against defendant garage owners to recover the value of merchandise contained in plaintiff's truck which was stored in defendants' premises. It was the trucker's claim that the garage owners were liable as bailors for their failure to redeliver the goods on demand, whether the bailment was gratuitous or for compensation. The garage owners contended that the merchandise was stolen and that they were, therefore, not liable. After trial and a verdict for defendants, judgment was entered in their favor. It is concluded, however, that the judgment should be reversed and a new trial granted because of errors in the charge to the jury.

The court instructed that if the contract of bailment did not include merchandise stored in plaintiff's truck, the jury was to find for defendant garage owners. This was error. Even if the goods were not embraced, as part of the principal subject matter of the bailment, within the rental agreement providing for compensation, there might be liability. If the garage owners permitted the truck to be stored with knowledge that it contained merchandise, as was testified, then they would be liable for the loss, at least as gratuitous bailees, unless they came forward with satisfactory evidence of due care, that is, freedom from gross negligence. (*Dalton* v. *Hamilton Hotel Operating Co.,* 242 N. Y. 481.) Thus, a vital basis of possible liability was excluded from the jury's consideration.

Also, the court erroneously refused to charge that if defendants failed to satisfactorily explain the loss, plaintiff was not further obligated to establish negligence in order to vindicate its claim, and erroneously charged that even if a contract of

bailment of the goods was established the plaintiff could only recover on a finding of gross negligence by the garage owners. Plaintiff had proven delivery, acceptance and refusal, on demand, to return the goods. Under these circumstances, whether the bailment was gratuitous or for compensation, a prima facie case was established. Whether, for the trucker to recover, the negligence was required to be " gross " or " ordinary " depended on a finding by the jury whether the bailment of the merchandise was compensated or gratuitous. If compensated, the degree of care owed the trucker was " ordinary ". If gratuitous, the standard was freedom from gross negligence. In either event, the question was whether the loss was consistent with the degree of care due from them. (*Dalton* v. *Hamilton Hotel Operating Co., supra.*)

Further, plaintiff requested a charge that if the garage owners' negligence made the alleged theft " possible ", the jury must find for plaintiff. In denying this request, which was not altogether correct, the court erroneously instructed that plaintiff was required to prove that defendant, in addition to creating the possibility of theft, participated in the theft.

Accordingly, the judgment for defendants should be reversed, and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to appellant to abide the event.