MERCHANTS AUTO DELIVERY CORP., Appellant, v. TERMINAL GARAGE, INC., Respondent.

Appeal from a judgment of the Supreme Court in favor of defendant, entered April 30, 1957, in New York County.

*Per Curiam.* Plaintiff appeals from a judgment in favor of defendant entered upon the ruling of the trial court granting defendant's motion to set aside the verdict of the jury in favor of the plaintiff and dismissing the complaint. The said trial was limited to the issue of liability by the order of Special Term herein dated January 21, 1957.

Plaintiff, a common carrier of freight, stored its trucks and the freight therein contained in defendant's public garage located at 246–250 West 40th Street, borough of Manhattan, city of New York. One of plaintiff's trucks, which had the evening before been brought into defendant's garage by plaintiff's driver, disappeared therefrom and was later located in another part of the city minus the load of merchandise that had been contained therein. Plaintiff, in this action, sues the garage for loss of the merchandise in question and charges the defendant with negligence in the care and custody of the truck and its contents.

Plaintiff could make out a prima facie case in bailment by proving the delivery of the truck and its cargo into the possession of the defendant in its public garage and its disappearance. The plaintiff, however, chose to proceed in negligence and we hold it did make out a prima facie case in negligence.

Whether the requisite care and supervision were exercised by the defendant in bringing plaintiff's loaded truck out from the garage and leaving it on the public street were questions of fact for the jury. (*Fidelity & Guar. Ins. Corp.* v. *Ballon*, 280 App. Div. 373; *Hunter Trucking Co.,* v. *Glatzer*, 285 App. Div. 314.)

The evidence permitted a finding by the jury that it was the duty of the defendant during the period it was on the public street to keep the truck with its contents under observation. The issue of negligence was submitted to the jury under a charge, not excepted to by the defendant, which defined the required degree of care as that " which a reasonably prudent person would be expected to use under the same or similar circumstances ". The fact that at the time of the larceny of the truck and its contents the defendant had not parted with possession of the ignition key is relevant, but is not conclusive on the issue of negligence.

The judgment dismissing the complaint should be reversed and a new trial granted, with costs to the appellant.

Botein, J. P., Rabin, Valente and McNally, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts and a new trial ordered, with costs to the appellant to abide the result of the final judgment in the action.