J. W. MAYS, INC., Respondent, *v.* HERTZ CORP., Appellant.

First Department, December 12, 1961.

*Benjamin Heller* of counsel (*Cymrot & Wolin,* attorneys), for appellant.

*Benjamin Feldstein* for respondent.

BREITEL, J. Defendant Hertz, a renter of trucks which it also stores on a parking lot, appeals from an order directing a verdict in favor of plaintiff and from a judgment entered on such verdict in the amount of $12,419.70. Plaintiff operates a department store with three branches. It sued to recover the value of its merchandise stolen from a truck it had rented from Hertz.

For a period of over two years plaintiff rented a truck from Hertz and each night parked the truck on Hertz's parking lot. (The truck rental agreement referred to garage storage space

and garage services. At least one witness referred to Hertz's garage; but the others described the premises as a large parking lot equipped with a gasoline pump.) Each night, with rare exceptions, the truck was loaded, locked and sealed before being driven to the lot. The following morning plaintiff's driver would pick up the truck and make deliveries of the loaded merchandise to plaintiff's branches. On a few occasions, perhaps once a year, the truck was left unloaded, in which event, according to plaintiff, the doors to the truck were not locked or sealed. This was in order to permit inspection by an alarm service which was employed to protect the truck, and on some occasions for some not too well-defined inventory purpose. On September 11, 1957, the truck was left loaded with merchandise, locked and sealed, on Hertz's lot. Some time during the night the truck was removed by unknown persons from the lot and found later in the morning about two and a half miles from the lot, with its contents gone.

The truck rental was pursuant to a written agreement between the parties which made no reference to any bailment of merchandise and contained no provision with reference to leaving the trucks loaded with merchandise. Upon the trial, plaintiff offered to prove that in the oral negotiations, prior to the execution of the agreement of truck rental, plaintiff informed Hertz that it would leave the truck loaded on the lot. The proof was excluded on the ground that it would violate the parol evidence rule. Defendant established on cross-examination that while the truck was loaded, locked and sealed, the interior and the contents would not be visible from the outside.

Defendant Hertz sought to show, by the testimony of a police officer, that the truck had been stolen and that the thief had not been discovered. Defendant then rested. Upon motions made, a verdict was directed in favor of plaintiff.

The Trial Justice, in directing the verdict, stated that because of the long course of conduct defendant Hertz knew, or should have known, there was merchandise in the truck and therefore it was a gratuitous bailee with an obligation to come forward and offer some explanation for the loss. The court pointed out that the mere fact that the vehicle was stolen did not satisfy defendant's burden, presumably on the view that proof of the theft alone would not be a sufficient excuse unless it occurred in the absence of gross negligence on the part of defendant Hertz.

For the following reasons the order directing the verdict in favor of plaintiff should be reversed, the judgment vacated, and a new trial directed.

Of course, if the storage of merchandise in the truck was not the subject of the agreement for truck rental, and if defendant Hertz had no knowledge of the storage, no bailment of the merchandise arose, and there would be no liability for its loss (*Cohen* v. *Koster,* 133 App. Div. 570). If there were no such bailment included expressly or by implication in the agreement for truck rental, but there was, nevertheless, knowledge of the storage of the merchandise, the situation would be different.

But there was no proof that defendant Hertz knew, or should have known, that plaintiff's truck contained merchandise. True, if there had been such knowledge then the principle laid down in *Hunter Trucking Co.* v. *Glatzer* (285 App. Div. 314) would have been applicable. That principle is, as stated in the *Hunter* case (p. 315): "If the garage owners permitted the truck to be stored with knowledge that it contained merchandise, as was testified, then they would be liable for the loss, at least as gratuitous bailees, unless they came forward with satisfactory evidence of due care, that is, freedom from gross negligence."

Although it was plaintiff's practice, as testified without contradiction, to load the truck every night over a period of more than two years, knowledge of this practice, on the proof in this record, was not brought home to defendant Hertz. So long as the truck was loaded and sealed and the interior was not visible from the outside defendant Hertz would not necessarily have acquired knowledge of the practice. Obviously, the repetition, no matter how often and no matter over how long a period of time, of conduct undisclosed and not discoverable, is not knowledge, or even the equivalent of knowledge (i.e., constructive notice). Consequently, the essential element of a gratuitous bailment was not established.

Assuming, as perhaps the trial court did, that one may infer that a locked and sealed receptacle — in this case the truck — contained valuable merchandise, merely because it is locked and sealed, at best there was a question of factual inference for the jury to entertain. A directed verdict would not be appropriate.

The trial court's ruling, however, that the negotiations prior to the execution of the written agreement of truck rental were barred by the parol evidence rule raises another question.

While it is true that plaintiff in its pleading and in its bill of particulars related the alleged bailment of merchandise to that agreement, it was nevertheless suing, in effect, for the negligent loss of the merchandise, which might or might not be a breach of a contractual agreement. As noted, the storage of the merchandise was not expressly the subject of the written agreement.

Hence, it does not necessarily follow that the bailment, if there were one, was a part of or merged in the written agreement.

If, in fact, plaintiff ever advised defendant Hertz of its intention to keep the truck loaded with merchandise on the lot overnight, such advice, together with the actual storage of the merchandise, would have created a gratuitous bailment. There would then be only a gratuitous rather than a compensated bailment if by the terms of the agreement of rental there was no provision and no compensation for the storage of the merchandise but only for the rental and storage of the rented truck.

On this analysis the conversations, whenever they might have occurred, before, during, or after the execution of the rental agreement, would suffice to supply the same element of knowledge upon which the holding in the *Hunter* case (*supra*) depended. The parol evidence rule would not apply because the proffer of such conversations was not made to vary or contradict the terms of the written agreement, or to show any express agreement or promise at all, but merely to establish a material element of the independent gratuitous bailment, namely, knowledge.

While a contractual agreement may be the occasion for a bailment it does not follow that the bailment is an integral part of the agreement. It may or it may not be. The issue then is whether the bailment, albeit the product of a contractual arrangement, is an independent or collateral relationship. If the bailment is an independent or collateral event, then the written contractual agreement, and the adhering parol evidence rule, would not apply. On the other hand, if the bailment is itself made the subject of an integrated writing (e.g. a bailment receipt with inclusive provision to cover the relationship of the parties) such writing of itself would be circumscribed by the parol evidence rule with respect to its contents. (9 Wigmore, Evidence [3d ed.], § 2400 *et seq.*, but especially §§ 2400, 2430, 2432; cf. 3 Corbin, Contracts, § 594, discussing collateral contractual agreements, which, of course, provide an apt analogy to collateral or incidental but noncontractual consensual arrangements; cf. *Mitchill* v. *Lath*, 247 N. Y. 377; *Fogelson* v. *Rackfay Constr. Co.*, 300 N. Y. 334.)

In *Dalton* v. *Hamilton Hotel Operating Co.* (242 N. Y. 481), in an analogous situation to that here, the holding of the Court of Appeals is precisely applicable. In the *Dalton* case a prospective tenant in an apartment hotel executed a lease, which, incidentally, contained an exculpation clause with regard to liability for property stored. The tenant in advance of taking possession of her apartment under the lease delivered her trunks for temporary storage with defendant hotel. Thereafter

two of the trunks and their contents were lost. It was held that with respect to the storage of the trunks defendant hotel was a gratuitous bailee, and it was also held that the gratuitous bailment was an independent one which was not incidental to or merged in the written lease so that the lease, especially with its exculpatory clause, did not apply. It was pointed out that the arrangement for the storage had a certain relation to the lease and undoubtedly would not have been made except for the fact that such a lease had been made. Nevertheless it was held that the arrangement for such storage was entirely separate and distinct from that which was covered by the lease (cf. *Fogelson* v. *Rackfay Constr. Co., supra*). In the light of the exculpation clause in that lease and the express reference in the lease to stored property, the *Dalton* case involves a more extensive holding than is necessary to determine this case.

On this view the trial court should have permitted the conversations between the parties which, if believed, might have brought home to defendant Hertz the fact that a gratuitous bailment, apart from the truck rental itself, was involved. True, the court was undoubtedly misled by the form in which plaintiff's pleading and its bill of particulars was cast. Plaintiff alleged that the bailment and the duty to safeguard its property depended upon the written agreement between the parties. Actually, as already noted, the agreement contains no reference to merchandise stored in the truck and on no view was that bailment based upon a compensated contract. However, in the interest of justice plaintiff should be entitled to establish its claim, if it has the necessary proof, and should not be unduly restricted by the particular form in which its pleading and its bill of particulars was cast. Of course, plaintiff may be well advised, in advance of another trial, to seek appropriate amendment of its complaint and its bill of particulars.

Since the case will return for a new trial, another matter upon which the trial court ruled, in passing, merits mention, although not briefed by the parties.

It will be recalled that the trial court in directing a verdict in favor of plaintiff assumed that the conceded fact of theft did not exonerate defendant Hertz of liability for the loss of the merchandise. Indeed, plaintiff's counsel argued that there had been an "absolute failure to give any explanation of what happened to the truck, of what they did with respect to its safeguarding, nothing whatsoever, except the testimony of this officer that he went out on some search and found the truck". There is no doubt that the mere fact of theft does not discharge defendant Hertz of liability. It is still true in the case of a

gratuitous bailment that it must appear that the bailee was not guilty of gross carelessness (*Hunter Trucking Co.* v. *Glatzer,* 285 App. Div. 314, 316, *supra*; 5 N. Y. Jur., Bailment, § 58).

The question, however, of the burden of proof and the easily confused burden of going forward, once the theft has been established, is another matter. Although the trial court seemed to have assumed otherwise, the weight of authority in this State would appear to be, generally, that the burden of proof remains with plaintiff bailor and that the burden of going forward, once the theft has been established, also rests with plaintiff bailor (*Claflin* v. *Meyer,* 75 N. Y. 260; *Castorina* v. *Rosen,* 290 N. Y. 445; *Textile Overseas Corp.* v. *Riveredge Warehouse Corp.,* 275 App. Div. 236; *Wilson* v. *Christal,* 187 App. Div. 660; 5 N. Y. Jur., Bailment, § 59; 6 Am. Jur. Bailments, §§ 377–381; but, see, *Fidelity & Guar. Ins. Corp.* v. *Ballon,* 280 App. Div. 373; *Potomac Ins. Co.* v. *Donovan,* 274 App. Div. 666). Because the issue may arise in varying fashion depending upon the evidence and the sequence of proof at a second trial, it would not be wise for either party to assume too easy an application of some rule-of-thumb, selected at random.

It is also evident that with respect to a gratuitous bailment of the kind involved in this case plaintiff must also have been free of carelessness on its own part. In this respect it may become material whether plaintiff failed to exercise due care in leaving merchandise in the locked and sealed truck on an open parking lot, as distinguished from the interior of an enclosed garage (*Osborn* v. *Cline,* 263 N. Y. 434; 5 N. Y. Jur., Bailment, § 61).

Accordingly, the order directing the verdict in favor of plaintiff should be reversed, on the law, the motion for such direction denied, the judgment vacated and, in the exercise of discretion, a new trial ordered, with costs to defendant-appellant.

BOTEIN, P. J., RABIN, EAGER and BASTOW, JJ., concur.

Judgment unanimously reversed, on the law, the motion for direction of judgment denied, the judgment vacated and, in the exercise of discretion, a new trial ordered, with costs to the appellant.