RICHARD DAVIS, Respondent, *v.* LAMPERT AGENCY, INC., Appellant and Third-Party Plaintiff. K & L COLOR SERVICE INCORPORATED, Third-Party Defendant.

First Department, July 2, 1968.

*John M. Percy* of counsel (*J. Robert Morris*, attorney), for the Lampert Agency, Inc., appellant.

*Robert M. Cavallo* for respondent.

*Mark Abramowitz* of counsel (*Michael J. Shef* with him on the brief; *Parker, Chapin & Flattau*, attorneys), for third-party defendant.

BOTEIN, P. J. For a payment to him of $400 plaintiff, a photographer, made an oral lease to defendant of a photographic transparency, which defendant agreed to return "in the condition that it was leased." Defendant is an advertising agency and not engaged in the business of photography. For the purpose of having an enlarged print made, defendant sent the transparency to K & L Color Service Incorporated, which lost it in some unknown manner. Defendant's consequent failure to return the transparency to plaintiff led to the present action for damages, in which plaintiff has been granted summary judgment.

The arrangement between the parties, concededly, is a form of bailment for mutual benefit. As stated in *Consolidated Laundries Corp.* v. *Regis Operators* (26 A D 2d 383, 385), "The general rule of liability in a bailment for the mutual benefit of both parties is that the bailee is only responsible for a loss occasioned by its negligence, absent an express agreement to the contrary. (See *Stewart* v. *Stone,* 127 N. Y. 500; *Castorina* v. *Rosen,* 290 N. Y. 445; *Aronette Mfg. Co.* v. *Capitol Piece Dye Works,* 6 N Y 2d 465; 5 N. Y. Jur., Bailment, § 65.)" Plaintiff does not contend that defendant lacked authority to send the transparency to K & L for processing or that the affidavit of defendant's art director concerning the circumstances of the loss is insufficient to raise a triable issue on the question of negligence. Plaintiff's position is that we should not reach the issue of negligence, since defendant assumed an insurer's liability by virtue of its agreement to return the transparency in the condition that it was leased.

It would seem that the law of this State has long been to the contrary. This is not to say that a bailee may not, by contract, become an insurer of the return of the property com-

mitted to him; but defendant did not assume such an obligation under the terms of its agreement with plaintiff. Thus in *Ames v. Belden* (17 Barb. 513, 515), where the bailee's agreement was to return boats " in as good condition as they now are, with the exception of the ordinary use and wear," the court said: " In my judgment, the understanding expressed is, simply, what the law would have implied, and the language should therefore be construed as having been used with reference to the common law obligation of a bailee in a bailment of this kind. At common law the duty of such a bailee is to exercise that degree of diligence and care in the preservation of the subject of the trust, which a prudent man ordinarily exercises in regard to his own property. (*Story on Bail.* § 399.) His responsibility is limited to ordinary neglect; and hence, if the thing bailed is lost or injured by inevitable accident, without his fault, he is not liable. (*Id.* § 408.) "

*Hyland v. Paul* (33 Barb. 241, 244, 245) was concerned, similarly, with the effect of a promise by bailees of articles of furniture " to surrender the property in as good a condition as reasonable use and wear thereof would permit." In determining that the bailees were absolved from their promise because the goods were destroyed without their fault, the court said: " The implied agreement of the defendants to restore the property, it will be seen, is in substance and effect the same as that contained in this lease — no more nor less. In other words, were the agreement to return the property stricken out, the duty of the defendants to restore it to the plaintiff in as good condition as when received, reasonable use and wear excepted, would still subsist. The duties of a bailee are not increased by simply reducing to writing the precise agreement which the law implies from his relation to the bailor."

It was in reliance on both these decisions that the Court of Appeals in *Young v. Leary* (135 N. Y. 569, 577-578) concluded: " When language is used which does no more than express in terms the same obligation which the law raises from the facts of the transaction itself, the party using the language is no further bound than he would have been without it." (See, also, *Tavener v. Burke*, 206 App. Div. 645.) In Williston, Contracts (vol. 9 [3d ed.], § 1041, p. 924, and p. 925, n. 19) the matter is summed up as follows: " The duties of the hirer are to return the bailed property in as good condition as when received, necessary wear and tear excepted, unless injured without his fault, and to pay the agreed compensation. * * * The general view is that where a contract of bailment for hire contains a

promise by the bailee to return the chattels in as good condition as when received, it is merely declaratory of the relational obligation to use reasonable care for their preservation ".

A trial might conceivably show that in dealings between photographers and advertising agencies an agreement of the kind defendant made is customarily treated as a guarantee of return regardless of the agency's carefulness. In the absence of such a showing, however, the ordinary rules of bailment for mutual benefit would be applicable. Accordingly the order appealed from should be reversed on the law and plaintiff's motion for summary judgment denied, without costs and without disbursements.

STEVENS, J. (dissenting). I dissent and vote to affirm for the following reasons. The sole question to be resolved is whether an agreement by appellant bailee to return the transparency in the condition that it was leased extended appellant's liability beyond that ordinarily imposed in a bailment for mutual benefit so as to render appellant liable in judgment. I think it does. In a bailment for mutual benefit, as this concededly was, in the absence of special agreement a bailee is only obligated to exercise ordinary care and diligence in the preservation of the bailor's property. It is well settled, however, that a bailee may enlarge his legal responsibility for the subject of the bailment (*Siegel* v. *Spear & Co.*, 234 N. Y. 479; 5 N. Y. Jur. Bailment, § 68). It is here alleged that the leasing was conditioned upon the return of the transparency to the plaintiff in the same condition as it was leased. Defendant, by a failure to deny in response to a notice to admit, acknowledges that to be the fact. When such agreement was made plaintiff bailor still had possession of the goods, and parted with them upon the assurance that the article would be returned in the same condition as when leased. This was a specific promise which served to extend appellant's liability to return the property safely (cf. *Zaidens* v. *Salter*, 142 Misc. 439). The reasonable and logical inference is that the promise plus the financial consideration induced the transaction, without which it would not have occurred (cf. *Carll* v. *Goldberg*, 59 Misc. 172).

McGIVERN, McNALLY and MACKEN, JJ., concur with BOTEIN, P. J.; STEVENS, J., dissents in opinion.

Order entered on October 13, 1967, reversed, on the law, without costs and without disbursements, and plaintiff's motion for summary judgment denied.