■ CENTRAL SCHOOL DISTRICT No. 3 OF THE TOWNS OF AMHERST, CHEEKTOWAGA AND CLARENCE, Respondent-Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Appellant, and ERNEST SANDOR, Appellant-Respondent.—Judgment unanimously modified, and, as modified, affirmed, without costs. Memorandum: Defendant Ernest Sandor was employed as a high school teacher by plaintiff Central School District No. 3. In September, 1970 defendant was appointed central treasurer of the Williamsville North Senior High School for the 1970-1971 school year. As central treasurer, Sandor was to collect funds from about 30 student activities, issue receipts upon collection, maintain various records, deposit the funds received in a bank checking account designated the "Williamsville North High School District Student Activity Fund" and issue checks for student activities. In return, Sandor was to be paid $300. The procedure implemented by plaintiff for the handling of student funds is set forth in a State Education Department pamphlet entitled "The Safeguarding, Accounting and Auditing of Extraclassroom Activity Funds". This pamphlet, which was furnished to Sandor, provides, *inter alia,* that the central treasurer "shall deposit funds promptly in a bank designated by the board of education". It is clear that Sandor frequently failed to comply with the procedures established for the discharge of his responsibilities as central treasurer. In May, 1971 an audit disclosed that of the money remitted to Sandor, the sum of $11,840.87 was neither deposited in the student activity fund checking account nor otherwise accounted for. When confronted with the results of the audit, Sandor

claimed that about $6,500 had been stolen from his automobile some two months earlier, but he offered no explanation concerning the balance of the money. As central treasurer, Sandor was covered by a public employees honesty blanket bond issued to plaintiff by defendant Insurance Company of North America (INA), as well as a comprehensive dishonesty, disappearance and destruction policy also issued to plaintiff by INA. Plaintiff commenced this suit to recover the missing funds. Of primary concern in this cross appeal are plaintiff's judgments against Sandor in the sum of $5,343.87 and against INA in the sum of $11,840.87, as well as the trial court's determination that INA was entitled to judgment against Sandor in the sum of $5,343.87. While we agree with the trial court's finding that $11,840.87 was delivered to Sandor and that he failed to deposit that amount in the student activity checking account, we are unable to find factual support for the determination that Sandor misappropriated $5,343.87 of the missing funds. The nondelivery of bailed property does not constitute a conversion without proof that the bailee has exercised dominion and control over the property, or appropriated it to his own use in disregard of the owner's rights (5 NY Jur, Bailments, § 45). Nor does the fact that the nondelivery may be attributable to the negligence of the bailee justify the conclusion that the property has been misappropriated (§ 46; Prosser, Torts [4th ed], p 83). Although this record contains no evidence that the missing funds were used for Sandor's benefit, plaintiff is nonetheless entitled to judgment against him in the sum of $11,840.87. Sandor was obliged to meet the standard of ordinary care in safeguarding the funds (see *Aronette Mfg. Co. v Capitol Piece Dye Works,* 6 NY2d 465, 468; *Castner v Insurance Co. of North Amer.,* 40 AD2d 1; *Davis v Lampert Agency,* 30 AD2d 299, 301; *First Nat. City Bank v American Broadcasting Co.,* 68 Misc 2d 861, 863). Plaintiff established a prima facie case of negligence upon showing that the funds were left in Sandor's possession and have not been returned (see *Castorina v Rosen,* 290 NY 445; *Castner v Insurance Co. of North Amer., supra).* Sandor's failure to explain his inability to account for $5,343.87 warrants plaintiff's judgment against him for that amount. With respect to the balance of the funds, however, Sandor testified that he was unable to return the money because it had been stolen. Once a theft is shown, the burden of going forward rests with the bailor (*J. W. Mays, Inc. v Hertz Corp.,* 15 AD2d 105, 110). That burden is adequately satisfied here. Sandor clearly departed from the standard of ordinary care when he left $6,500 in cash under the front seat of his automobile (which may or may not have been locked) while it was parked outside a tavern for over two hours on the night of March 25, 1971. Sandor's claim that he is entitled to be paid for his services as central treasurer is rejected in view of his substantial failure to discharge his duties (*F. & L. Mfg. Co. v Jomark, Inc.,* 134 Misc 349; cf. *Hadden v Consolidated Edison Co. of N. Y.,* 34 NY2d 88, 96; *Jacob & Youngs v Kent,* 230 NY 239, mot for rearg den 230 NY 656). We have also considered and find to be without merit Sandor's contentions that Central School District No. 3 is not a proper party plaintiff; that plaintiff was not authorized to commence this action; and that section 3023 of the Education Law relieves him of liability. The determination that the record fails to establish that Sandor misappropriated $5,343.87 requires that plaintiff's judgment against INA, based upon the employees' honesty bond, as well as INA's judgment against Sandor be reversed. Additionally, with respect to that sum, plaintiff has not sustained its burden of proof that its unexplained loss is covered by the comprehensive dishonesty, disappearance and destruction policy. The balance of plaintiff's award against INA, in the sum of $6,500 is also reversed since at the time of

the theft the funds were not "being conveyed by a messenger" within the meaning and scope of the policy. When this theft occurred, Sandor was engaged in social activities at the tavern which were neither related nor incidental to the conveyance of the funds (compare *Atlantic Tallow Co. v Fireman's Fund Ins. Co.,* 119 Ga App 430; 11 Couch, Insurance 2d, § 42:155). Moreover, the evidence fails to establish that Sandor had a definite intention to deposit the funds promptly as he was bound to do (cf. *O. K. Express Corp. v Maryland Cas. Co.,* 10 AD2d 203). (Appeals from judgment of Erie Supreme Court—bond-misappropriation.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.