■ HAROLD ROTH, Appellant, v BLACK STAR PUBLISHING CO., INC., Respondent. [658 NYS2d 59] —In an action, *inter alia,* to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated April 2, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

In 1980 the plaintiff, a professional photographer, hired the defendant as his representative with regard to the sale of photographic images. He delivered 584 images to the defendant and obtained receipts for each image. The plaintiff signed an agreement holding the defendant "blameless for any liability for loss or damage" to his images "for any reason whatsoever".

In 1991 the plaintiff asked for the return of his images. The defendant's employees informed him they could not find them, but, according to the plaintiff, gave no further explanation for the loss of the images.

Thereafter, the plaintiff commenced the instant action to recover damages for conversion and for replevin of the photographic images. The defendant moved for summary judgment, claiming it returned the images to the plaintiff by mail between January 1, 1990, and June 30, 1990. In support of that claim, it submitted an affidavit from its former librarian, stating that she "methodically went through [the defendant's] files and pulled out thousands of transparencies and supervised their return to the various photographers", including the plaintiff, and an affidavit from the supervisor of the mail room that packages of transparencies were sent out and never returned by the United States Postal Service. The plaintiff, in opposition, claimed, *inter alia,* that this explanation was a recent fabrication, noting that in his conversations with the defendant's employees, no one intimated that his images had been returned to him by mail, and that, although the defendant previously returned images to him with a cover letter, it did not produce copies of any cover letters sent when all of his images were purportedly returned in 1990.

The court granted the defendant's motion, holding that although the defendant, under its exculpatory agreement, could still be held liable for gross negligence, there was no evidence of gross negligence in this case. We reverse.

While "New York law generally enforces contractual provisions absolving a party from its own negligence", public policy bars a party from attempting to escape liability for gross negligence (*Colnaghi v Jewelers Protection Servs.*, 81 NY2d 821, 823-824). In the case of a bailment, the failure to return the object bailed is prima facie evidence of gross negligence, requiring the bailee to come forward with an explanation (*see, Voorhis v Consolidated Rail Corp.*, 60 NY2d 878). The defendant came forward with an explanation in this case. However, in view of its delay in so doing, and the conclusory nature of the assertions (*see, Dalton v Hamilton Hotel Operating Co.*, 242 NY 481, 488), we conclude that the defendant failed to establish its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320).

Accordingly, the motion for summary judgment is denied. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.