■ JOHN W. O'CONNOR, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 97081.) [744 NYS2d 903] —In a claim, inter alia, to recover damages for loss of property, the claimant appeals (1), as limited by his brief, from so much of an order of the Court of Claims (Ruderman, J.), dated April 19, 2001, as granted the defendant's motion to dismiss the claim, and (2) a judgment of the same court, dated May 4, 2001, which dismissed the claim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the claim (*see Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Court of Claims properly dismissed the claim based upon bailment as the evidence at trial demonstrated that the defendant did not act in a grossly negligent manner with regard to the claimant's personal property (*see Voorhis v Consolidated Rail Corp.*, 60 NY2d 878; *Roth v Black Star Publ. Co.*, 239 AD2d 484; *J.W. Mays, Inc. v Hertz Corp.*, 15 AD2d 105).

We further find that the claimant failed to establish entitlement to recovery on his theories of negligent and intentional infliction of emotional distress (*see Johnson v State of New York*, 37 NY2d 378; *Ferrara v Bernstein*, 179 AD2d 79, *affd* 81 NY2d 895). Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.