ROCCO BALICE and Another, Respondents, *v.* ERIE RAILROAD COMPANY, Appellant.

First Department, March 21, 1924.

**Bailments — warehousemen — action to recover for loss of part of shipment of grapes — after delivery of car by carrier to consignees it was locked by them — locks were broken and grapes stolen — burden is on consignees to show negligence by defendant in caring for car — error to direct verdict for plaintiffs.**

In an action to recover damages based on the loss of a part of a carload shipment of grapes while they were in the possession of the defendant, as warehouseman, after the car was turned over to the plaintiffs, the consignees, the burden is upon the consignees to establish the negligence of the defendant in taking care of the car while in its possession as warehouseman, where the evidence establishes that the plaintiffs unloaded part of the grapes on a Saturday morning and then locked the car with padlocks and that during the interval between Saturday and Monday the car was broken open and a part of the grapes were stolen.

When the plaintiffs established that they were unable to obtain the grapes which had been left with the defendant for storage, the presumption arose that the defendant had been negligent, but as soon as the plaintiffs proved that the grapes were stolen, that presumption was overcome and the burden was then on the plaintiffs to establish negligence in protecting the grapes, and it was error, therefore, for the court, in the absence of any evidence of negligence, to direct a verdict in favor of the plaintiffs.

APPEAL by the defendant, Erie Railroad Company, from a judgment of the Supreme Court, in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 6th day of June, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Stetson, Jennings & Russell* [*Theodore Kiendl* of counsel; *William C. Cannon* and *George M. Skinner* with him on the brief], for the appellant.

*Alfonso Bivona,* for the respondents.

MERRELL, J.:

The action was brought to recover $1,435 alleged damages suffered by the plaintiffs by reason of the negligent failure of the defendant to safely store a quantity of Zinfandel grapes belonging to the plaintiffs and which had been received over the defendant's railroad and were contained in a freight car in the defendant's yard in Jersey City. The defendant was paid the freight charges for transportation of the grapes and had also been paid demurrage

charges thereon following the forty-eight-hour free period after the grapes arrived and while they remained in the car in defendant's yard. The grapes were shipped from California and arrived at defendant's yard on October 26, 1920. On that day the plaintiffs, after inspecting the contents of the car, purchased the grapes, consisting of 1,040 boxes, receiving the freight bill therefor and the order bill of lading. On the day following the car was delivered to the plaintiffs upon the surrender and cancellation of the order bill of lading. On the same day the plaintiffs closed and locked the door upon the side of the car which had been opened for the purpose of conducting their inspection prior to purchase. The testimony of the plaintiffs is to the effect that they placed thereon a strong padlock of their own. The testimony of the plaintiffs is to the further effect that during the following two days the car was not opened, but that on the morning of Saturday, October thirtieth, the car was opened by the plaintiffs and 412 cases of the grapes were sold and disposed of. At night on Saturday, October thirtieth, there remained in the car, according to plaintiffs' testimony, 628 cases. At that time the son of one of plaintiffs' employees who had charge of the buying and selling of the grapes closed both doors of the car, securing each with a strong padlock. On the following Monday morning the plaintiffs, with their employees, revisited the car and found that it was upon the same track but moved in a slightly different location; that one of the doors of the car was partly open, and that both locks had been torn from the car and 410 boxes of the grapes removed therefrom. Plaintiffs' employees at once called upon the superintendent of defendant's yard and together they visited the car and ascertained the extent of the loss. The evidence of the plaintiffs is to the effect that they then told the superintendent that the car had been robbed.

I think the evidence is quite sufficient to establish the fact that the 410 boxes of grapes which were missing had been removed from the car by theft. There remained in the car when visited by plaintiffs' employee and the defendant's superintendent 218 boxes of the 628 that were in the car when the same was locked by the plaintiffs on the Saturday night before. That the plaintiffs were justified in their statement that the car had been robbed is sustained by the fact of the removal of the two strong padlocks from the doors, and that the hasps on both sides holding the doors shut had been pried off by an iron bar or jimmy which was found nearby. When the car was locked on Saturday night the keys to the locks were delivered by the son of one of the plaintiffs' employees who locked the car, to his father and were held by him until the car was found open on the following Monday. The fact that the car

was left locked on Saturday and contained 628 boxes of the grapes and that on the following Monday morning the locks were found torn from the car and 410 boxes of the grapes missing, is strong evidence that the missing grapes were removed from the car by theft.

It is conceded by both parties that at the time of the loss of these grapes the defendant occupied the position of warehouseman, and that its character of a common carrier of the grapes had ended, and that under well-settled principles of law the defendant, if liable to the plaintiffs for the loss of the grapes, was not liable as an insurer but merely because of negligence on its part in holding the grapes as a warehouseman. The plaintiffs gave no evidence with reference to defendant's acts or conduct in keeping said grapes after they were left in the car in defendant's yard on Saturday night, October thirtieth. Plaintiffs being unable to obtain their grapes which had been left with the defendant for storage, raised the presumption that the defendant had been negligent. This presumption, however, was removed by the indubitable proof that the grapes were stolen, and where the absence of the goods stored was explained, as it was by the evidence, to be by reason of the same being stolen, the burden then devolved upon the plaintiffs to show that the defendant had in some manner been negligent and that the loss resulted from such negligence. As before stated the plaintiffs gave no evidence to establish such negligence. Had some proof been offered on the part of the plaintiffs that the defendant had inadequately guarded its yard or had failed to maintain a sufficient number of watchmen to patrol the same or had in some other manner been negligent, the plaintiffs then could have asked the jury to find the defendant negligent, but no proof whatever was offered upon the subject of defendant's conduct as a warehouseman of said grapes. In the absence of such proof we do not think any issue arose, and that the court improperly directed a verdict in plaintiffs' favor. (*Stewart* v. *Stone*, 127 N. Y. 500; *Draper* v. *President, etc., D. & H. C. Co.*, 118 id. 118; *Claflin* v. *Meyer*, 75 id. 260; *Southern Railway* v. *Prescott*, 240 U. S. 632.) In the latter case Mr. Justice HUGHES, writing for the Supreme Court of the United States, said (at p. 640): " It was explicitly provided that in case the property was not removed within the specified time it should be kept subject to liability ' as warehouseman only.' The Railway Company was therefore liable only in case of negligence. The plaintiff, asserting neglect, had the burden of establishing it. This burden did not shift. As it is the duty of the warehouseman to deliver upon proper demand, his failure to do so, without excuse, has been regarded as making a

*prima facie* case of negligence. If, however, it appears that the loss is due to fire, that fact in itself, in the absence of circumstances permitting the inference of lack of reasonable precautions. does not suffice to show neglect, and the plaintiff having the affirmative of the issue must go forward with the evidence."

In the recent case of *Wilson* v. *Christal* (187 App. Div. 660) this court unanimously held in the opinion by Mr. Justice PAGE (at p. 661) as follows: "When the failure to deliver is shown, a *prima facie* case of negligence is made out. (*Herrman* v. *New England Nav. Co.*, 143 App. Div. 551.) The burden of an explanation is then on the defendant and that burden is satisfied if he shows that the goods were stolen. (*Claflin* v. *Meyer*, 75 N. Y. 260.) The burden is then upon the plaintiff of showing that the negligence of the warehouseman contributed to the theft."

It, therefore, follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, SMITH, FINCH and MARTIN, JJ., concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.