FIDELITY AND GUARANTY INSURANCE CORPORATION, Appellant, *v.* FREDERICK E. M. BALLON, Respondent.

First Department, June 17, 1952.

374

*Simon Greenhill* of counsel (*Greenhill & Greenhill,* attorneys), for appellant.

*Martin N. Whyman* for respondent.

COHN, J. Defendant is an attorney. He represented one Albert Goldstein in an action to replevy a $5,000 mink coat. During the trial of the replevin suit the coat was inspected by the Trial Judge and then left with defendant at his law office by Goldstein, his client, pending appeal to this court.

Some time later, defendant advised his client, that while the coat was in his possession it had " either been stolen or lost or disappeared " from the former's law office, and could not be returned.

The coat had been insured by Goldstein under an all risk policy issued by plaintiff and payment was called for because Goldstein appeared to have sustained a bona fide loss. The claim of Goldstein under its insurance policy for the loss of the coat was settled by plaintiff for $5,000. This action in subrogation to recover the sum paid to Goldstein by plaintiff was brought against defendant, the bailee of the coat. In its complaint plaintiff alleged the delivery to defendant and failure of defendant to return it because he so negligently cared for it that the said coat disappeared and became lost to plaintiff.

The only witness on the trial was the secretary of plaintiff insurance company. In the course of his testimony it was brought out that the mink coat had either been stolen or lost or disappeared from defendant's office where it had been kept by defendant; that Goldstein had informed plaintiff the coat was stolen; that it was so reported to the police department; and that the coat had never been found.

At the conclusion of plaintiff's case, defendant rested without calling any witnesses. Both sides then moved for a directed verdict. The trial court granted defendant's motion and directed a verdict in his favor holding that since plaintiff's prima facie case established that the coat was reported stolen and had never been found, the burden of proof still remained with plaintiff to show an overt act of negligence on defendant's part. In sum, the court held that where the proof shows that the police department was notified by a bailee of the loss of the coat and the property was never found, the bailee need give no explanation of what happened to the bailed property which was in his exclusive possession.

We think the ruling of the court was erroneous. Under the law of bailment, the burden of proof to establish negligence is on the bailor and remains with him throughout the trial. Plaintiff makes out a prima facie case by proof that the property was left in the possession of the bailee and was not returned. (*Claflin* v. *Meyer,* 75 N. Y. 260; *Stewart* v. *Stone,* 127 N. Y. 500, 506.) The burden of going forward with the evidence then shifts to the bailee to show the circumstances of the loss in order to rebut the presumption of negligence which would arise from a delivery and a failure to return. It is necessary for the bailee to explain how he cared for the property, and why he could not return it. (Elliott on Bailments [2d ed.], § 22, pp. 40–41.) In the leading case of *Ouderkirk* v. *Central Nat. Bank* (119 N. Y. 263) the Court of Appeals laid down the apposite rule (p. 267):

" It is obvious that a bailee, whatever the character of the bailment may be, when its purpose has been fully satisfied and performed, is bound, upon request, to re-deliver the thing bailed to its lawful owner. This is necessarily implied, in all cases, from the nature of the contract of bailment. The authorities are uniform to the effect that such re-delivery may be excused in the case of a bailment, mutually beneficial to the parties, by proof that the deposit has been lost or destroyed without negligence, or want of such care on the part of a bailee as prudent men, under similar circumstances, commonly take of their own

goods. In the case of gratuitous bailments however, the bailee is liable only when chargeable with gross neglect. (Edwards on Law of Bailment, p. 7, *et seq;* Jones on Bailments, 23.)

" It necessarily follows, from the nature of the obligation and the refusal to return the property, that *the burden of showing the circumstances of the loss rests upon the bailee, and, unless the evidence shows the exercise of due care by him according to the nature of the bailment, he will be held responsible for the breach of his contract to return the property bailed.* (*Pattison* v. *Syracuse Natl. Bk., supra* [80 N. Y. 82] ; *Caldwell* v. *Mohawk Bk., supra; Collins* v. *Bennett,* 46 N. Y. 490; *Cutting* v. *Mahlor,* 78 N. Y. 454; *Russell Mfg. Co.* v. *N. H. Steamboat Co.,* 50 N. Y. 121.) '' (Emphasis supplied.)

Where, as here, there is proof that the property was delivered to the bailee and was not returned, it becomes his duty to show the surrounding circumstances of the loss. It places upon the bailee the necessity of explaining how he cared for the bailed property and why he cannot return it. In *Reisinger* v. *Pullman Co.* (252 App. Div. 87, 89, affd. 277 N. Y. 679) this court said: " A bailee is not an insurer of the subject of the bailment. Negligence in the care of the goods is the basis of the bailee's liability. ' Negligence may indeed be inferred in the first instance from the delivery of the subject of the bailment and the failure to return it. Even so, the inference may be repelled through proof by the bailee that the thing, though not returned, has been lost without his fault (*Claflin* v. *Meyer,* 75 N. Y. 260).' (*Honig* v. *Riley,* 244 N. Y. 105, 110.) In this case the defendant gave a detailed explanation as to what was done with the bailed article: it may be fairly assumed that the jury found that defendant exercised due care and was not negligent.''

If either in the course of plaintiff's proof or that of defendant's it appears that the bailed property must have been lost by theft, to justify a recovery, plaintiff always has the burden of showing that the loss arose from the negligence of the bailee. (*Castorina* v. *Rosen,* 290 N. Y. 445.) Yet that proof, be it in the plaintiff's case or in the defendant's, must set forth the surrounding circumstances of the loss, and some attempt must be made to explain away the nondelivery of the goods bailed. Here there was no explanation by defendant of the circumstances of the loss, and no proof from which an inference of any care could be drawn.

It is suggested that defendant was only a gratuitous bailee. However, it is nonetheless the duty of a gratuitous bailee, just as it is the duty of a bailee for hire, to redeliver the thing

bailed upon demand. So, a gratuitous bailee who does not in any way produce proof explaining the loss is liable to the true owner. (*Coykendall* v. *Eaton,* 55 Barb. 188; *Hayes* v. *Kedzie,* 11 Hun 577; *McKillop* v. *Reich,* 76 App. Div. 334.) He must account for his failure to produce the bailed goods to the extent of establishing to the satisfaction of the triers of the facts that he did not willfully misappropriate the goods himself (*Dutton & Co.* v. *Goldmann Co.,* 277 App. Div. 556, 559) or that there was a sufficient excuse, not amounting to gross negligence, for failure to deliver the property bailed. (*Dalton* v. *Hamilton Hotel Operating Co.,* 242 N. Y. 481, 488, 489.)

Defendant, who had exclusive knowledge of the facts, stood mute and rested at the end of plaintiff's prima facie case. There was nothing in the proof adduced in plaintiff's case which would supply any explanation as to the loss other than the mere statement that the coat was lost, or stolen, or had disappeared, and that a report of the loss had been made to the police authorities. That was not enough. It was incumbent upon defendant to state the facts as to the disappearance of the coat while it was in his possession. Whether or not defendant had used the care required to prevent the loss would then have been an issue of fact. In the absence of proof anywhere in the case as to the circumstances of the loss, there was no basis for a judgment in the bailee's favor.

The order and judgment, so far as appealed from, should, accordingly, be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., DORE and CALLAHAN, JJ., concur.

Order and judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.