■ ALVIN E. CORMENY, Plaintiff, v. AMERICAN BOSCH ARMA CORPORATION, Defendant.— Submission of controversy, pursuant to sections 546 to 548 of the Civil Practice Act, dismissed, without costs. The submission involves a claim by plaintiff for damages for an alleged breach by defendant of a stock option agreement between the parties by which plaintiff was given participating rights in a stock option incentive plan promulgated by defendant. Although plaintiff agreed that he would continue in the employment of defendant for at least two years, his employment could have been terminated by defendant at any time, without cause. Under section 3 of the agreement, plaintiff's option to purchase stock could be exercised "except as provided in Section 4", only while he was in defendant's employ and provided further that at the time of the exercise of the option he had been in continuous employment by defendant for at least two years. Section 4 provided that on termination of employment for any reason other than death, the option should terminate unless such termination was occasioned, *inter alia*, by voluntary resignation with the approval of defendant's board of directors. In such case the option could be exercised within three months thereafter. Plaintiff did not continue in defendant's employ for two years, but before that time he was requested to, and did, resign because of an internal reorganization of defendant. His resignation was accepted "with regret". Thereafter and within three months, plaintiff attempted to exercise his option to purchase stock, but his offer to do so was rejected. The difficulty with the submission is that, although the parties have agreed on the evidentiary facts, they have not agreed on the ultimate facts, or on the inferences which may be drawn from the agreed facts. Obviously plaintiff agreed that if the termination of his employment was not occasioned by death, retirement or voluntary resignation with the approval of the defendant's directors, his option could not thereafter be exercised. To that extent the agreement of the parties is clear. It also appears that the obvious inference from the agreed facts submitted is that plaintiff's resignation was not voluntary. The parties have not so agreed, however. In fact plaintiff has argued that the agreed facts establish both that plaintiff's resignation was voluntary, and that his employment was terminated by defendant. Defendant asserts that the only conclusion

which can be reached from the agreed facts is that plaintiff's resignation was not voluntary. However, even if it may be concluded that plaintiff's resignation was voluntary and approved, it does not follow that plaintiff is entitled to recover. The agreement of the parties, which would control in such an event, is not too clear to prevent resort to any other means for its construction, and the parties are not in agreement as to its meaning and intent. Whether the plaintiff, on his voluntary resignation with defendant's approval, might thereafter and within three months exercise his option, even though he had not been in the employ of defendant for two years, or could not in any event exercise it until after employment for two years, are questions which can only be decided by inference with respect to the desires and motives of the parties when the contract was made, and as to such matters the parties have not agreed. On the submission of a controversy such as this, we may only determine and define the effect of the agreed facts and have no power to find any additional fact, even if the submitted facts logically and reasonably admit of further important inferences which a trier of the facts might very well draw. (*Cohen* v. *Manufacturers Safe Deposit Co.*, 297 N. Y. 266, 269; *Town of Pelham* v. *City of Mount Vernon*, 304 N. Y. 15, 18; *Goodman* v. *Hyman*, 2 A D 2d 751, 752.) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.