■    JAY HOWARD, INC., Respondent, v. SIGMUND ROTHSCHILD, Appellant.—Judgment unanimously modified, on the facts, without costs, to the extent of reducing the amount awarded to the plaintiff to the sum of $9,000 plus the appropriate taxable costs. The plaintiff made out a prima facie case by introducing proof that the gold statuette had been entrusted to the defendant and that it had not been returned (*Claflin* v. *Meyer,* 75 N. Y. 260). At that point the burden of going forward with the proof shifted to the defendant and it was his obligation "to show the circumstances of the loss in order to rebut the presumption of negligence which would arise from a delivery and a failure to return" (*Fidelity & Guar. Ins. Corp.* v. *Ballon,* 280 App. Div. 373, 375). The evidence introduced by the plaintiff from which the possibility of a loss by theft could have been inferred was insufficient to relieve the defendant of that burden. For the defendant to be so relieved the proof as to the larcenous nature of the loss must be clearer and more substantial than that adduced here (see *Claflin* v. *Meyer, supra; Fidelity & Guar. Ins. Corp.* v. *Ballon, supra*). The proof adduced by the defendant as to the reason for the loss and concerning the conduct of the defendant as to the reason for the loss and concerning the conduct of the defendant in caring for the statuette was such as to warrant the trial court's finding that the plaintiff had sustained the over-all burden of proving that the loss occurred through defendant's negligence (see *Castorina* v. *Rosen,* 290 N. Y. 445). We disagree, however, with the trial court's finding of value in the sum of $20,000. We conclude that valuation of $12,000 is more in keeping with the evidence adduced. The trial court stated that the "plaintiff amended his complaint orally to give defendant credit for his one-third interest over $3,000." Applying such "concession" to the valuation of $12,000 results in an award in plaintiff's favor of $9,000. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.