Per Curiam.

The trial court admitted into evidence, over defendant’s objection based on subdivision (c) of CPLR 2309, the out-of-State depositions of plaintiffs’ two physicians, despite the absence of the certificates authenticating the commissions of the notary public, on the ground that defendant had waived this technical objection by failing to advise plaintiffs of same during the intervening period of some four months from when defendant received copies of the depositions prior to tria). Defendant *561 wished, to forbid the use of the,out-of-State depositions, and had available as a means to this end a motion to suppress the depositions under subdivision (e) of CPLR 3103. Not having sought to suppress the depositions prior to trial, defendant, under the circumstances delineated above, was properly deemed to have waived such formal objection (see Wright v. Cabot, 89 N. Y. 570, 577; Risley v. Harlow, 48 Misc. 277; see, also, CPLR 3117, subd. [a] ; 3116, subd. [e]).
It is also noted that ‘ ‘ a record or other documentary evidence which proves itself, and on which no question can arise in the cause except such as is apparent on its face, which has been inadvertently or unadvisedly omitted at the trial, may be produced at the argument of the appeal for the purpose of sustaining the judgment, though not to reverse it ” (10 Carmody-Wait 2d, New York Practice, § 70:282; see Dumford v. Weaver, 84 N. Y. 445; People v. Flack, 216 N. Y. 123). This rule is founded on the clear dictate of justice that to do otherwise would be a wanton waste of time and expense and a trifling with the real rights of litigants (Petersen v. City of New York, 133 Misc. 720; see Dunham v. Townshend, 118 N. Y. 281, 286). The said certificates or “ flags ” are patently in the nature of documentary evidence, and the absence of same was a defect or irregularity susceptible of correction nunc pro tunc at the trial (see Raynor v. Raynor, 279 App. Div. 671). It now appears that the “ flags ” have been obtained with respect to one ¡of the physicians. Under these circumstances, the objection is deemed sterile.
However, in this personal injury negligence action, on this record, the verdict is excessive. This conclusion is impelled by the speculative nature of much of the testimony relating to the injuries to plaintiffs and the nature of the objective signs and symptoms of such injuries.
The judgment should be reversed and new trial ordered, limited to the issue of damages, with $30 costs to appellant to abide the event, unless respondents, within 10 days after service of a copy of the order entered hereon with notice of entry, respectively stipulate to reduce the recovery as follows: Abraham King, Jr. to $6,702 (of which $5,000 represents recovery for pain and suffering), Johnnie King to $3,000, Ronald King to $1,500, Margaret Magazine to $3,000 and Margaret McGrinnes to $750; in which event the judgment should be modified accordingly, and as modified, affirmed without costs.