■ Muriel Lurie, Respondent, v Child's Hospital, Appellant.—Appeal from an order of Supreme Court at Special Term, entered May 24, 1978 in Albany County, which denied defendant's motion for summary judgment pursuant to CPLR 3212. The defendant moved for an order of summary judgment seeking a dismissal of the complaint alleging negligence on the part of the defendant in the design, construction, maintenance, control and ownership of a driveway leading into a complex where the Child's Hospital adjoins and abuts the Child's Nursing Home facility. The affidavit submitted by George Mayers, Jr., executive vice-president of the defendant corporation, alleges that the Child's Hospital did not own the driveway entrance on the day of the accident and did not design or create the entrance. Annexed to the affidavit is a deed which purports to indicate that transfer of the premises, including the driveway, was made to the Child's Nursing Home, a separate corporate entity, before the accident date. Plaintiff's opposing affidavit, made by her attorney, alleges that defendant has retained easements and conveyed only a part of the property it owned when it deeded land to the Child's Nursing Home and that the proof submitted does not unequivocally prove that the driveway is not owned by the defendant. We agree with the conclusion arrived at by Special Term that factual issues are presented which must be resolved by trial. While it is true, as defendant urges, that plaintiff's counsel's affidavit is conclusory and raises no questions of fact or presents any evidentiary material, nevertheless, the moving affidavits and proof do not establish defendant's right to recover in the action, as a matter of law. It is impossible to resolve the question of the legal ownership of the driveway and responsibility for its design, construction, maintenance and control from the documents presented. The burden is upon the movant to produce such evidence even where the opposing papers may be insufficient to defeat the motion *(Walski v Forma,* 54 AD2d 776; *Stelick v Gangl,* 47 AD2d 789). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.