(April 7, 1981)

■ BRIAN LYNCH, Respondent, v AER LINGUS/IRISH INTERNATIONAL AIRLINES, Defendant-Appellant, and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. — Order of the Supreme Court, New York County, entered September 9, 1980 denying the motion of defendant Aer Lingus/Irish International Airlines, for summary judgment unanimously reversed, on the law, and the motion granted, without costs. Air La Carte, Inc. (La Carte), the third-party defendant, is an organization which supplies food and liquor services to Aer Lingus/Irish International Air Lines (Aer Lingus). As part of the services rendered it unloads used beverage kits from incoming flights from Ireland and replaces them with unused kits for the outbound flight. Plaintiff was an employee of La Carte. On August 20, 1976, he was engaged in unloading and loading kits at an Aer Lingus plane at Boston's Logan Airport in preparation for the plane's return trip to Shannon. Plaintiff and his partner had removed the used liquor kits from the galley, placing these used kits in the truck used by them. They replaced these used kits with full liquor kits. Their final task was to remove the used kits from the truck and place them in the belly of the plane for the outbound flight. Plaintiff had removed a number of the used kits from the truck. As he was in the process

of removing another used kit "it just pulled me to the ground. That is when I injured my back". The theory of plaintiff's action is that the kits were of "improper weight and contents". However, no proof of this allegation is offered other than the hearsay statement of plaintiff's attorney that the kits were "unusually and significantly overweight, the weight of which yanked [plaintiff] to the ground". Plaintiff's testimony at his examination before trial, offered to support this contention, falls far short of the claim. All that it indicates is that when the liquor kit was pulled out "by surprise it just pulled me to the ground". Nothing is shown to indicate that the kits were "unusually and significantly overweight". Indeed, there is no testimony at all as to weight, either actual or approximate. On the other hand, both the affidavit of Aer Lingus' catering manager and the courtroom demonstration, demonstrated that "The units cannot be overloaded as the units are of closed design and can hold only a limited number of trays". We are aware that courts are reluctant to grant summary judgment in negligence cases for "whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, p 430). However, where, as here, "there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated" (Andre v Pomeroy, 35 NY2d 361, 364). Concur — Murphy, P. J., Kupferman, Birns, Carro and Bloom, JJ.