OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Although some might characterize the articles in question as somewhat sensational, on the record before us *769 we can find no triable issues of fact as to their literal falsity. Plaintiff’s complaint conclusorily alleges only that the implicated statements were “wholly false and without foundation”. His bill of particulars does little more than assert that if additional facts had been included in the articles and editorials there would have been a more balanced picture of the actual circumstances surrounding plaintiff’s activities. As it was, he complains that it created adverse inferences. That was not enough.
Further, in opposing summary judgment, the plaintiff relies solely upon the affirmation of his attorney, who was without personal knowledge of the facts. This did not supply the evidentiary showing necessary to successfully resist the motion (see CPLR 3212, subd [b]; Rotuba Extruders v Ceppos, 46 NY2d 223, 229, n 4).
Moreover, since this is a public figure libel case, it was incumbent on the plaintiff upon defendant’s motion for summary judgment to produce evidence tending to demonstrate both the falsity of the published statements and that they were made with actual malice, i.e., deliberate or reckless falsehood (New York Times Co. v Sullivan, 376 US 254, 280). Plaintiff comes no closer to meeting such a prescription than to have his attorney argue that Albany newspapers “would like nothing better than to crucify the so-called ‘O’Connell’ and/or ‘Corning’ machines” and to point out that defendant’s reporters admitted that their investigatory techniques included misrepresentation of their identities. In doing so, the plaintiff ignores the fact that malice in the context of this litigation would not “be equated with a base or unworthy motive” (Rinaldi v Viking Penguin, 52 NY2d 422).
Finally, plaintiff’s argument that summary judgment should be denied because all the facts as to malice were within the knowledge of the defendants is equally lacking in merit. While CPLR 3212 (subd [f]) authorizes discovery in such circumstances, the record does not demonstrate that plaintiff availed himself of such procedures during the three years that elapsed between commencement of the action and the making of the summary judgment motion (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.18, pp 32-194 to 32-195).
*770 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.