OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Whether the usher, Pereira, was acting within the scope of his employment in agreeing to watch plaintiff’s suitcase, whether he did so agree and whether defendant through Pereira was guilty of gross negligence, were, under the testimony presented, questions of fact for the jury.
The bailment, if found by the jury, would constitute defendant only a gratuitous bailee, liable only for gross negligence. But even as to a gratuitous bailee the failure to return the object bailed establishes a prima facie case of gross negligence, requiring the bailee to come forward with an explanation (Dalton v Hamilton Hotel Operating Co., 242 NY 481, 488; Hasbrouck v New York Cent. & Hudson Riv. R.R. Co., 202 NY 363, 374). Defendant presented no testimony, but there was evidence concerning what happened to plaintiff’s suitcase in the form of the deposition of Pereira, read by plaintiff, and the report of defendant’s Police Officer Lennon, offered by defendant. In his deposition Pereira denied any knowledge of what happened to the suitcase, and Lennon’s report only indicates that Pereira stated “that he had been called away during the course of watching same and when he returned said property was found missing.”
From that evidence the jury could, but was not required to, infer that the suitcase had been stolen and that Pereira had been guilty of gross negligence in leaving the suitcase unattended. The burden of proof, and the burden of going *880 forward, once a theft has been established, rests upon plaintiff bailor, however (Castorina v Rosen, 290 NY 445; Claflin v Meyer, 75 NY 260; Mays, Inc. v Hertz Corp., 15 AD2d 105; Fidelity & Guar. Ins. Corp. v Ballon, 280 App Div 373). It was not error, therefore, to deny plaintiff’s request for a directed verdict on the issue of gross negligence.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.