■ SUN YAU KO et al., Respondents, v LINCOLN SAVINGS BANK, Appellant. — Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 27, 1983, denying defendant's motion for summary judgment, reversed, on the law, defendant's motion granted, and the complaint dismissed, without costs or disbursements. ¶ Plaintiffs seek to recover the value of gold bars they had stored in a safe deposit box rented from the defendant bank. The contents of the plaintiffs' box and some 300 other boxes were rifled in a burglary. Sixteen months after this action was commenced plaintiffs filed a note of issue certifying that discovery proceedings had been completed. In fact, plaintiffs had conducted no discovery. ¶ On appeal the parties do not dispute Special Term's findings of a bailor-bailee relationship. (See *Cohen v Manufacturers Safe Deposit Co.,* 297 NY 266; 9 NY Jur 2d, Banks, § 275.) Given that relationship, plaintiffs can make out a prima facie case of negligence by showing that they deposited the gold bars with the defendant and the latter is unable to return them. To meet this prima facie case, defendant must then show that its inability to return was caused by the burglary. If that is done, it then becomes the obligation of plaintiffs to prove that the burglary was caused by defendant's negligence (*I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657, 666; *Balice v Erie R. R. Co.,* 208 App Div 427, 429; *Leather's Best v S.S. Mormaclynx,* 451 F2d 800, 813, 814). ¶ It is undisputed that plaintiffs delivered the gold bars to defendant and that the latter cannot redeliver. To overcome this prima facie case of negligence, defendant offered the affidavit of its vice-president in charge of the bank which relates his discovery of the burglary and its aftereffects and which sets forth the security precautions employed by defendant to safeguard against burglaries. The factual assertions of this affidavit are unchallenged. To meet the obligation thus thrust upon them, plaintiffs were obligated to present evidence sufficient to raise a question of fact whether the burglary occurred through any negligence of defendant. Mere conclusions or unsupported assertions are insufficient for this purpose (*Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs offered their attorney's affidavit. Not based on personal knowledge, completely unsubstantiated, it is patently inadequate to fulfill plaintiffs' obligation. ¶ Plaintiffs would excuse their failure to produce evidence by arguing that the facts of defendant's negligence lie solely in the latter's knowledge. But it was plaintiffs' own decision not to conduct discovery. Hence, they cannot rely on this excuse (*Roche v Hearst Corp.,* 53 NY2d 767). Nor can plaintiffs rely on this being a negligence action in which summary judgment is rare. Rarity notwithstanding, summary judgment should result when a party cannot raise a factual issue for trial (see *Lynch v Aer Lingus/Irish Int. Airlines,* 81 AD2d 508). ¶ Plaintiffs rely on *Veihelmann v Manufacturers Safe Deposit Co.* (303 NY 526). Their reliance would be appropriate only if this defendant's affidavit had outlined all of the bank's security efforts but made no mention of a burglary having taken place. As it is the reliance is misplaced because it is undisputed

that defendant's inability to return the gold bars is the result of a burglary. ¶ Contrary to the dissent's assertion that the defendant's affidavit fails to state that the bank's alarm system had been activated, the affiant described the bank's security system and stated that the bank had been "secured" at the close of the last business day prior to the burglary. Because the factual assertions of this affidavit are unchallenged there is no basis for an inference that the alarm system had not been activated. The dissent also urges that we consider on appeal an unrecorded statement that it recalls being made on the oral argument that discovery proceedings held in actions by other safe deposit box renters reveal that the alarm system had not been fully activated. Even if such evidence were record evidence, it is dehors the record on appeal and cannot be considered since it is not by its nature incontrovertible (*Dunham v Townshend,* 118 NY 281, 286; *People v Flack,* 216 NY 123, 129; *Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744). Concur — Asch, J. P., Silverman and Lynch, JJ.

Fein and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: Defendant appeals from an order which denied its motion for summary judgment dismissing the complaint. Special Term, finding factual issues as to the degree of care exercised by the bank as bailee, including, *inter alia,* the safety precautions taken in caring for the property and the construction and use of the existing burglar alarm system, denied the motion. The record and the additional facts disclosed on oral argument sustain that determination, particularly where no adequate explanation had been offered as to the care and safekeeping of the bailed property nor a full exposition made as to whether the actions of the bank contributed to the theft. In holding otherwise, the majority has improperly acted as factfinder, directing relief for the failure by plaintiffs to conduct discovery and to submit affirmative proof of negligence. Such an approach, however, overlooks that the proof adduced by the bank was palpably insufficient to satisfy its burden of going forward. The bank did not sufficiently establish a defense to be entitled to judgment as a matter of law. The majority's obvious displeasure with the plaintiffs in failing to present their proof is an inappropriate basis for summary disposition where there are clear factual issues for trial. ¶ In January, 1980, plaintiffs rented a safe deposit box at defendant's Chinatown branch. It is undisputed that during the weekend of February 15-18, 1980, a burglary occurred, which was discovered when the bank opened for business on Tuesday morning, February 19. It is alleged that the burglars made their way into the locked safe deposit vault and forced open over 300 safe deposit boxes, one of which had been rented by plaintiffs, allegedly containing 20 one-ounce gold bars, valued at $12,976.50. Defendant's vice-president stated that inspection revealed that the locks on numerous safe deposit boxes had been broken or punctured and the contents strewn about the vault area. This is an action against the bank as a bailee for hire, the complaint alleging that defendant failed to exercise due care in safeguarding the premises and the contents of plaintiffs' safe deposit box, which caused the loss. ¶ In moving for summary judgment dismissing the complaint, defendant disclaimed knowledge as to the identity of the burglars and described the composition of the safe deposit vault and the extent of protection afforded by the then-existing alarm system. The affidavit of the vice-president and manager of the Chinatown branch described the safety system as being a safe deposit vault, "a reinforced metal structure * * * with multi-ton seven inch thick doors, with dual multi-tumbler combination time locks and relocking devices", protected by alarm systems which "included sound, water and heat detectors." The bank did not, however, specify the actual safety precautions taken in caring for the bailed property on the day or weekend in question nor did it state whether the alarm system had been activated or was operational at

the close of business prior to the loss, critical issues in determining the degree of care employed by the bank as bailee. The reference to "secured" in the supporting affidavit is at best equivocal and fails, as proof, to satisfy the requisite burden at this stage. ¶ Special Term denied the motion, recognizing that the dispositive issue on liability revolved around whether the bank had been negligent in failing to exercise the degree of care and diligence expected under the circumstances. We agree with that determination. The factual issues relating to the care by the bank cannot be disposed of summarily. Our conclusion is reinforced by the disclosure on oral argument of the appeal, and not refuted by counsel for the bank, that, after denial of the motion, discovery proceedings were held in the several pending actions, which revealed that the alarm system had not been fully activated prior to the break-in. This fact, if true, would have a direct bearing upon the negligence and resulting liability of the bailee and, although not contained in the record, in the exercise of discretion, should be considered by us in affirming the order (cf. *Matter of Dwyer,* 57 AD2d 772; *Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744; *King v Brown,* 72 Misc 2d 560 [App Term, 1st Dept]; see, also, 10 Carmody-Wait 2d, NY Prac, § 70:282). ¶ It is well-established law in this State that the failure on the part of a bailee to return bailed property on demand raises a presumption of negligence in the case of a mutual bailment or bailment for hire. In such a case, the bailee must exercise reasonable care and diligence in safeguarding the bailed property and is responsible for loss or injury resulting from negligence (see, generally, 9 NY Jur 2d, Bailments and Chattel Leases, § 89). Where the bailor has established a prima facie case of bailment, the burden of going forward is shifted to the bailee, who must explain "the circumstances of the loss * * * to rebut the presumption of negligence" and, in connection with that explanation, must demonstrate "how he cared for the property and why he cannot return it" (9 NY Jur 2d, Bailments and Chattel Leases, §§ 148, 149). Since the bailee is not an insurer of the property, where it is shown that the loss was occasioned by theft or some other cause beyond the control of the bailee, such as changes in temperature, rain or flood, no liability will result. The burden of proof and the burden of going forward, once a theft has been established, are ordinarily on the bailor (*Voorhis v Consolidated Rail Corp.,* 60 NY2d 878; *Castorina v Rosen,* 290 NY 445; *Claflin v Meyer,* 75 NY 260). ¶ Nevertheless, over 110 years ago, in *Schwerin v McKie* (51 NY 180, 187), our Court of Appeals found that a relevant criterion, in terms of the standard of care to be followed by a bailee for hire, was whether the "goods * * * were housed and protected as a man of ordinary prudence would, under the circumstances, have protected his own property." In disposing of this appeal, the majority has proceeded solely on its assessment that plaintiffs failed to sustain their burden of proof. In doing so, my colleagues have not given appropriate consideration to the absence of any proof by the bank as to the measures taken to keep and safeguard the bailor's property "as a man of ordinary prudence would, under the circumstances, have protected his own property." This is implicit in the bank's obligation to explain the circumstances of the loss. ¶ In *Ouderkirk v Central Nat. Bank* (119 NY 263, 267), it was held: "It necessarily follows, from the nature of the obligation and the refusal to return the property, that the burden of showing the circumstances of the loss rests upon the bailee, and, unless the evidence shows the exercise of due care by him according to the nature of the bailment, he will be held responsible for the breach of his contract to return the property bailed [citing cases]. The sufficiency of the evidence to establish the exercise of proper care will, generally, be a question of fact for the jury to determine upon all of the circumstances of the case". Thus, the obligation of the bailee is to explain not only why the bailed property cannot be returned but also how he cared for the property, factual

questions for the trier of the facts in assessing the sufficiency of the evidence (*Fidelity & Guar. Ins. Corp. v Ballon,* 280 App Div 373, 375; *Jay Howard, Inc. v Rothschild,* 16 AD2d 628). In *Fidelity & Guar. Ins. Corp. v Ballon* (280 App Div, at p 376), we stated the rule as follows: "Where, as here, there is proof that the property was delivered to the bailee and was not returned, it becomes his duty to show the surrounding circumstances of the loss. It places upon the bailee the necessity of explaining how he cared for the bailed property and why he cannot return it". Applying the standard to our case, neither party explained the circumstances of the loss, except the fact of a break-in, with no proof to conclude that the bailee exercised proper care for the property. A burglary, however, in and of itself, does not excuse the bailee from responsibility, since it is still necessary to examine the actions of the bailee in caring for and safeguarding the property (*Ouderkirk v Central Nat. Bank, supra; Porges v Republic Stor. Co.,* 217 App Div 566). In determining the issue, the jury may consider evidence of the general practice and custom followed by others, including the use of guards or watchmen and burglar alarm systems (see *Textile Overseas Corp. v Riveredge Warehouse Corp.,* 275 App Div 236, 237). ¶ In *Porges v Republic Stor. Co.* (*supra,* p 569), we reversed the trial court's direction of a verdict in favor of defendant and remanded the case for a new trial, concluding that the evidence required that the negligence issue be submitted to the jury: "The plaintiffs also assert that the jury might find that somebody on the inside had disconnected the burglar alarms and arranged things so that the robbery could be carried through successfully. The loss may or may not have been the result of defendant's negligence, but under the circumstances that was for the jury to decide. If it believed an employee was involved in a burglary, it would have been for the jury to decide whether due care had been used in selecting and employing such employee." The recent decisions of the Court of Appeals adhere to these principles. In *I.C.C. Metals v Municipal Warehouse Co.* (50 NY2d 657, 666), the court cited the long-standing rule which places upon the bailee "the burden of advancing an *adequate explanation* of the reasons for its failure to properly return stored property", which does not require the bailee to prove that it acted properly nor does it shift the burden of proof, but does compel the bailee to come forward with *"sufficient evidence* supporting its explanation to create a question of fact" (emphasis added). Thus, one of the prime issues is the sufficiency of the explanation by the bailee since the bailee had the goods exclusively under his control and should be able to demonstrate the manner in which he properly discharged his obligations (see *Aronette Mfg. Co. v Capital Piece Dye Works,* 6 NY2d 465, 469). This is particularly so in the case of a bank, which ordinarily does and is expected to have sufficient safety precautions, including an activated and operational alarm system. In the absence of such a showing, the trier of the facts could conclude that the bailee had failed to discharge its duty to reasonably and carefully safeguard the valuables entrusted to it. The failure to activate an existing alarm system could be found to be "an open bid for the commission of burglary by the criminally inclined". (*Hodell v Tower's Stores,* 218 App Div 572, 577.) ¶ In our view, the majority has prematurely resolved the liability issues without a hearing and upon an insufficient record. The supporting affidavit of the vice-president of the bank is woefully inadequate in that, while describing in detail the vault used and the existence of a "most effective alarm system", it quite markedly fails to allege that the alarm had been activated. The absence of such an allegation as to the actual safety precautions then in place does not establish a defense "sufficiently to warrant the court as a matter of law in directing judgment" in its favor. (CPLR 3212, subd [b].) While the majority relies upon the insufficiency of the plaintiffs' proof in opposing the motion, until the moving party established a right to

judgment as a matter of law, the opposing party had no obligation to offer any proof (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Lurie v Child's Hosp.,* 70 AD2d 1032; *Gaeta v New York News,* 95 AD2d 315, 325). ¶ In concluding otherwise, my colleagues have overlooked that the authorities relied upon were dispositions rendered after trial and not on motion for summary judgment. Upon such a motion, the function of the court is limited to issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Esteve v Abad,* 271 App Div 725, 727). Summary judgment relief is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944) or where the issue is even arguable (*Barrett v Jacobs,* 255 NY 520, 522). ¶ The factual issues, *inter alia,* whether the alarm system was in operation and the care of the bailed property, are matters for trial, especially since this burglary has spurred a host of litigation, with all the actions having been assigned to one Justice for a joint trial on liability. Subsequent to denial of the motion, there has been further discovery under the supervision of that Justice. The pendency of these several actions under the direct supervision of one Justice militates against a hasty award of summary judgment in one of those actions. But, the anomaly exists that the issue of liability may ultimately be resolved against the bailee, with all the other bailors recovering to the exclusion of this plaintiff as a result of this premature determination. ¶ In any event, I find the record, supported by a carefully tailored affidavit, to be palpably insufficient to finally resolve the legal issues respecting the liability of the bank as bailee. ¶ Accordingly, the order, Supreme Court, New York County (Ira Gammerman, J.), entered April 27, 1983, denying defendant's motion for summary judgment dismissing the complaint, should be affirmed.