■ MARLENE PAVESI, Appellant, v KENNETH CAROLLO, Individually and Doing Business as K.C. AUTO CLINIC, Respondent. — In a negligence action to recover damages for the loss of a bailed chattel through theft, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered August 23, 1983, in favor of the the defendant, upon a jury verdict.

Judgment affirmed, without costs or disbursements.

The defendant is the owner-operator of an automobile repair shop located in Briarcliff Manor, New York. Plaintiff's claim

arises from the fact that the defendant failed to return plaintiff's car which was delivered to him for repairs. At trial, the defendant presented evidence that the bailed vehicle had been stolen.

The plaintiff argues on appeal that the defendant's explanation that the car had been stolen is insufficient to release him from liability. She further alleges that the defendant was negligent, as a matter of law, in leaving the keys to the car under its front seat, thereby allowing the theft to occur.

We conclude that the defendant established that his shop was burglarized and that the bailed vehicle was stolen. Thus, the presumption of negligence that arose from his failure to return the plaintiff's vehicle was rebutted (see *Claflin v Meyer,* 75 NY 260; *Ellish v Airport Parking Co.,* 42 AD2d 174, affd 34 NY2d 882; *Fidelity & Guar. Ins. Corp. v Ballon,* 280 App Div 373), and the burden shifted to the plaintiff to show that the defendant's active negligence or lack of reasonable care caused, permitted or contributed to the burglary (see *Claflin v Meyer, supra,* p 264; *Castorina v Rosen,* 290 NY 445; see, also, *Voorhis v Consolidated Rail Corp.,* 60 NY2d 878). Whether a bailee in any given case met the standard of reasonable care is a question for the jury to decide (*Fidelity & Guar. Ins. Corp. v Ballon, supra*).

The trial testimony established that on the night of the burglary, defendant stored plaintiff's car in his garage along with his own car and another customer's car. The keys to plaintiff's car were under the seat. The doors to the shop were locked. The windows of the garage were screwed shut. There is a bay door to the garage which opens and closes electronically and cannot be opened manually. The door is operated by a button located inside the shop. According to the defendant, before leaving the shop at about 10:00 P.M. on the night of the burglary, he turned off the electricity by a switch located in the bathroom, as was his habit. Defendant further testified that at 6:00 A.M. the following morning, he received a telephone call from a neighboring shop owner that the garage door was open. The shop owner had called the police. Upon arriving at the garage, defendant observed that one of the small office windows near the door was broken, the frame had been pried out, and some wood had been chipped away from the front door under the lock. Plaintiff testified at trial to making the same observation. Defendant also observed that the electrical circuit had been switched on, the bay door was open, and plaintiff's car was gone. Also missing was a set of aluminum ramps which had been bolted to the back of a trailer parked in the lot. A reasonable inference to be drawn from this evidence is that a thief, after gaining entry by breaking a window, switched on the electricity,

opened the bay door and stole plaintiff's car. There was also evidence to the effect that defendant's repair shop is located in an area with a relatively low crime rate.

We conclude that under the circumstances of the instant case, the jury was justified in its finding that defendant exercised reasonable care in protecting his premises and that his conduct did not contribute to the loss suffered by the plaintiff.

We have considered the remaining contentions raised by the plaintiff and find them to be without merit. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.