■ FAHMY ROMANA, Appellant, v NYRAC, INC., Doing Business as BUDGET RENT A CAR, Respondent, et al., Defendant.

[666 NYS2d 713] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated September 17, 1996, which granted the motion by the defendant NYRAC, Inc., d/b/a Budget Rent A Car for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, a gasoline station attendant, was allegedly injured when the defendant Vanessa Glover, driving a car that she had leased from the defendant NYRAC, Inc., d/b/a Budget Rent A Car (hereinafter NYRAC), drove off as the plaintiff was reaching inside the car window to collect the money for the gas that he had just pumped for Glover's vehicle. The plaintiff sought to recover damages from NYRAC on the ground that a vehicle owner is financially responsible for injuries caused by the negligence of any person driving the vehicle with permission.

The proponent of a motion for summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which requires a trial of the action (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra*).

We have reviewed the record and find that, under the circumstances of this case, NYRAC has demonstrated its entitlement to judgment in its favor as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra*). In response, the plaintiff has failed to proffer any evidence to show the existence of triable issues of fact. The affidavit of the plaintiff's counsel is insufficient to make the evidentiary showing necessary to defeat the motion (*Roche v Hearst Corp.*, 53 NY2d 767; *Rotuba Extruders v Ceppos,* 46 NY2d 223). O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.